## MILLS ET AL. *v.* MALOTT ET AL.

CHATTEL MORTGAGE.—*Possession of Mortgaged Property.*—Sureties, who have paid the debt of their principal and who hold a mortgage upon a chattel to indemnify them, where the mortgage provides that if the debt is not paid at maturity by the mortgagor the sureties shall have possession of the mortgaged property, may recover possession thereof.

REPLEVIN.—*Part Owner of Chattel.*—One part owner of a chattel cannot maintain an action against the other part owner or part owners to recover possession thereof. One has as much right to the possession as the other or others.

SAME.—A defendant in an action to recover possession of a chattel, who is a part owner with the plaintiff, cannot in his answer claim and have judgment for the possession of the part owned by such defendant; nor is it proper in such action to render judgment for the value of such part if possession be not given by the plaintiff.

From the Grant Circuit Court.

*G. T. B. Carr, N. W. Gordon, I. Van Devanter, J. F. McDowell, C. H. Test,* and *D. V. Burns,* for appellants.

*J. Brownlee, A. Steele,* and *R. T. St. John,* for appellees.

DOWNEY, C. J.—This was an action for the recovery of personal property, consisting of a portable saw-mill, fixtures, and machinery thereto belonging, brought by the appellants against the appellees. It was alleged in the complaint that the plaintiffs were the owners of the property and entitled to its possession, and that the defendants had possession thereof without right, and unlawfully detained the same from the plaintiffs. Possession of the property was demanded and one hundred dollars damages for its detention.

The defendant Jones filed no answer, nor was any notice taken of him in the progress of the cause.

The defendant Malott answered: 1. The general denial. 2. That in 1869, one Willcuts was the owner of the mill, etc., and the plaintiffs held a mortgage thereon, executed by Willcuts to indemnify them against the payment of a debt of Willcuts, for the payment of which they were sureties for him to the Eagle Machine Works; that the plaintiffs had not been damnified; that he, the said Malott, is the

owner of an undivided one-half of said property by pur-
chase from Willcuts; that Willcuts, confederating with
the plaintiffs to cheat and defraud the defendant out of his
interest in said mill, etc., fraudulently surrendered the same
to the plaintiffs on their mortgage; wherefore, etc. 3. The
third paragraph alleges the ownership of said property by
Willcuts, the existence of the mortgage thereon, and avers
that in this condition of affairs, the plaintiffs requested the
defendant to purchase an undivided half of said property
from Willcuts, which he declined to do on account of the
existence of said mortgage of plaintiffs thereon; that, to
induce him to make said purchase, the plaintiffs, by Job S.
Mills, one of their number, agreed with the defendant, that
if he would make such purchase from said Willcuts,
they would, on the payment of the purchase-money therefor,
release the said undivided half of said mill, etc., from the
lien of said mortgage. Defendant avers that he accepted
said offer, and purchased said undivided half of said mill,
etc., from said Willcuts for the sum of one thousand seven
hundred and fifty dollars, relying upon said promise; that
he took possession of said one undivided half of said mill,
etc., and held the same for a long time, and fully paid the
said purchase-money to said Willcuts, and thereupon
requested said plaintiffs to release said mortgage, which they
failed and refused to do; and he avers that the plaintiffs
wrongfully took possession of said mill, etc., and have wrong-
fully retained the same for one year. He demanded judg-
ment for possession of the one-half of said mill, etc., and
that the plaintiffs be required to release their said mortgage
thereon.

The reply was a general traverse of the second and third
paragraphs of the answer. A trial by jury resulted in this
verdict: "We, the jury, find for the defendant, and that he
is the owner and entitled to the possession of the one undi-
vided one-half of the property mentioned in the complaint,
and that the same is of the value of seven hundred and fifty
dollars."

A motion for a new trial was made, for the reasons that there was error in the assessment of the amount of the recovery, the same being too large. 2. That the verdict was not sustained by sufficient evidence. 3. It was contrary to law. 4. Error of law occurring on the trial of the cause, excepted to by the plaintiff at the time. 5. Error in giving instructions to the jury numbered three, four, five, and six.

This motion was overruled, and the plaintiffs excepted. They then moved in arrest of judgment, which motion was also overruled, and they again excepted.

The court rendered judgment that Malott recover of the plaintiffs the possession of the undivided one-half of the said property, and that in default of the delivery thereof by the plaintiffs, he recover of the plaintiffs said sum of seven hundred and fifty dollars, and that he also recover of the plaintiffs his costs and charges, etc.

The only errors properly assigned are the overruling of the motion for a new trial, and the rendering of judgment for the recovery of possession of the undivided half of the property in favor of the defendant.

Upon an examination of the evidence, which is all in the record, we are quite clearly of the opinion that it was not sufficient to justify the verdict of the jury. We think it was insufficient in two respects. 1. The mortgage which is in evidence entitled the plaintiffs to possession of the mill, etc., upon failure of Willcuts to pay the debt on which they were securities for him, when it became due. The debt was due and had been paid by the plaintiffs long before this action was brought. The plaintiffs were therefore entitled to possession of the property according to the mortgage. Malott alleged, however, in his answer, that the plaintiffs had agreed to release the mortgage on half the mill, if he would pay Willcuts the agreed price of that half. The evidence shows that the plaintiffs, Job S., Jonathan, and Owen Mills, were not partners, but had severally become the securities of Willcuts, and were severally indemnified under and by the mortgage. There is evidence both for and against the proposi-

tion that Job. S. Mills made the agreement to release the mortgage. But there is no evidence whatever that either Jonathan or Owen Mills ever made or assented to any such agreement. Job S. denies positively ever having made such agreement, but admits that he agreed to the release, if the notes on which he was security should be paid.

Again, we think the evidence, even as to Job. S. Mills, fails to show that he agreed to the release of the mortgage upon payment of the agreed price to Willcuts. It would seem to be improbable that it should have been agreed that the price of the half purchased by Malott should be paid to Willcuts, which would be no payment on the debt for which the plaintiffs were security for Willcuts to the Eagle Machine Works. Willcuts testified that Malott paid him nine hundred and six dollars and twenty-five cents for sawing, five hundred dollars paid to Ort. Phillips, two hundred dollars paid on little mill, twenty-five dollars to Clarkson Willcuts, twelve dollars or thirteen dollars for timber, forty dollars for a cow, and ten dollars to a hand. It is quite unreasonable to suppose that the plaintiffs ever agreed to release their mortgage on the mill for any such considerations as these and they paid to Willcuts, and not to them or to the party to whom they were sureties. Malott did not testify that it was agreed that he should pay for the half of the property bought by him to Willcuts.

We are of the opinion that the court should not have rendered the judgment which it did render on the answer of Malott. As an answer showing that he was a part owner of the property, it was a good defence to the plaintiffs' action, for it is well settled that one part owner cannot maintain an action against the other part owner or part owners of a chattel to recover possession thereof. One has as much right to the possession of the chattel as the other or others. If the plaintiffs and the defendant Malott were part owners of the mill, etc., and Malott had possession of it, the plaintiff could not maintain the action against him, and therefore his answer was good. But neither could Malott, if he was a

part owner with the plaintiffs of the property, maintain an action for, or in his answer claim and have judgment for, possession. Nor do we think it was proper to render judgment for the value of the one-half of the mill, etc., even had the evidence been sufficient, in the event that such half was not delivered by the plaintiffs to the defendant. Judge STORY says: "In general, the rights, duties, obligations, authorities, and liabilities of part owners are the same, in relation to every kind of personal property; and, therefore, whatever is affirmed in relation to one, will apply to all others, unless in cases where, from the peculiar nature and uses of a particular species of such property, or the peculiar customs and usages appertaining thereto, a different rule arises, by implication of law, to govern or affect it. Thus, for example, if two persons are tenants in common of a horse, or other personal chattel, each has an equal right to the possession and use thereof; and each can sell only his own undivided share thereof. If one tenant in common takes exclusive possession of a personal chattel, refusing to the other any possession or use thereof, the latter has no remedy whatsoever by action; but he may take the chattel, if he can find it, from him who hath done him the wrong," etc. Story Part., sec. 414. For the destruction of the property, and probably for a sale of the entire property by one without the consent of the other, an action would lie. Sec. 449. Courts of equity have, in some cases, exercised jurisdiction in suits between part owners, but not to compel the delivery of the property from one of them to another having no superior right to its possession. The rules of law relating to part ownership of personal property are more frequently discussed and applied in cases relating to ships than in relation to other kinds of personal property, and in such cases courts of admiralty exercise a jurisdiction in some cases. But the rules of law relating to such ownership are the same as stated by Judge STORY, "in relation to every kind of personal property."

We do not deem it necessary to enter upon the consideration of the other questions discussed by counsel.

The judgment is reversed, with costs; and the cause is remanded, with instructions to grant a new trial.