## CHARLES, ADMINISTRATOR, ET AL. *v.* MALOTT.

PLEADING.—*Replevin.*—In an action for the recovery of the possession of personal property, it is not a good answer that since the commencement of the action the plaintiff, by his use of the property, has realized more than the amount of his claim, and has sold the property for a certain sum, for which he has not accounted.

From the Grant Circuit Court.

*I. Van Devanter, J. F. McDowell* and *D. V. Burns,* for appellants.

*A. Steele, R. T. St. John, J. Brownlee* and *G. T. B. Carr,* for appellee.

DOWNEY, J.—This was an action by the appellants against the appellee, to recover the possession of a portable saw-mill, fixtures, etc. The case was here before; 43 Ind. 248. Since that time, Job S. Mills has died, and Joel Charles has been appointed administrator of his estate. The answer in the case, when it was here before, consisted of a general denial and two special paragraphs, as may be seen by referring to the report of the case. Since that time, an additional and fourth paragraph was filed by leave of the court, which, omitting a part struck out, is as follows:

"Defendant further charges that when they so took said property, they, the intestate and plaintiffs, agreed with the defendant that they only took the same to indemnify themselves and to repay the said sums so paid as such security for said Willcuts, and for no other purpose; that when they were so paid and made whole, they, plaintiffs, would return said property to said defendant. Said defendant avers that after they so took said property, they, plaintiffs, run and operated the same for ten months, and realized from and by the

same great profits, and much more than would repay them, plaintiffs, for and on account of the said payments so made for said Willcuts and their other charges and expenses, after which said plaintiffs sold the said property for a large sum of money, to wit, three thousand dollars, which they refused to pay over or account for to said defendant, or for any part thereof."

To this paragraph of answer the plaintiffs demurred, on the ground that the same did not state facts sufficient to constitute a bar to the action, and the demurrer was overruled. Reply in denial.

The issues were tried by a jury, and there was a verdict for the defendant. A motion for a new trial was made by the plaintiffs, which was overruled, and there was final judgment for the defendant.

Several errors are assigned, and among them, that the court erred in overruling the demurrer to the fourth paragraph of the answer. This paragraph of the answer does not, we think, state facts sufficient to constitute a defence to the plaintiffs' action. The facts appear to be matters which occurred after the commencement of the action. The complaint charges that the plaintiffs are the owners and entitled to the possession of the property. This answer does not meet that claim in any way, but asserts something occurring afterwards as a defence. It does not deny the asserted right of the plaintiffs to possess the property at the time when they sued for it, but asserts that by using it they realized more than would pay the amount of their claim, and then sold the same for three thousand dollars, which they have not accounted for. This is not an answer either denying or avoiding the plaintiffs' cause of action.

It is urged by counsel for the appellee, that all the matters alleged in the fourth paragraph of the answer were admissible under other paragraphs of the answer, and that, for this reason, there was no available error in overruling the demurrer thereto. The rule is applicable to a case where a demurrer has been sustained to a good paragraph, and

there is another paragraph under which the defence set up in the paragraph held bad could be proved, and not to a case like the one under consideration.

It is assigned as a cross error that the court improperly struck out part of this paragraph of the answer. The grounds of the motion were, that the court had not permitted the matter struck out to be pleaded, and that it was already pleaded in other paragraphs of the answer. We do not discover any error in this ruling of the court. The court may set aside or strike out redundant or unnecessary pleadings. 2 G. & H. 102, sec. 77.

We do not deem it necessary to examine other questions presented, if any there are.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the fourth paragraph of the answer.