CHARLES, ADMINISTRATOR, ET AL. *v.* MALOTT.

NEW TRIAL.—*May be Granted more than Twice.*—Section 352 of the practice act does not prohibit the granting of another new trial to a party who, once for an erroneous ruling upon a demurrer to a pleading, and again for other reasons, has twice had a new trial of the same cause.

WITNESS.—*Conversation with Decedent.*—*Replevin.*—Where a co-plaintiff in an action of replevin dies without having made a deposition, and his administrator is subsitituted as a co-plaintiff, the defendant is not a competent witness, in his own behalf and on his own motion, to testify to a conversation had between himself and the decedent, in relation to the title to the property in controversy.

From the Grant Circuit Court.

*I. VanDevanter* and *J. W. Lacey,* for appellants.

*J. Brownlee* and *H. Brownlee,* for appellee.

HOWK, J.—In this action, Job S., Jonathan and Owen Mills, as plaintiffs, sued the appellee and one John Jones, sheriff of Grant county, as defendants, to recover the possession of one portable saw-mill, of the Eagle Machine Works, and all fixtures thereto belonging, of the alleged value of three thousand dollars.

The complaint was filed on the 13th day of February, 1871, and it was alleged therein, that the plaintiffs were the owners, and entitled to the possession, of said saw-mill, of the value aforesaid, of which the appellee and said

Jones had possession without right, and unlawfully detained from the said plaintiffs. Wherefore, etc.

This is the third time the cause has been appealed to this court. When it was first here, the decision and opinion of the court may be found under the title of *Mills* v. *Malott*, 43 Ind. 248; and the second time it was reported under its present title of *Charles, Adm'r*, v. *Malott*, 51 Ind. 350.

The appellee answered in three paragraphs, of which the first was a general denial, and each of the other two paragraphs set up affirmative matters, by way of defence. To the second and third paragraphs of answer, the appellants replied by a general denial. The issues joined were tried by a jury, and a verdict was returned for the appellee, finding the value of the property in controversy to be two thousand dollars, and the undivided one-half of said property to be worth one thousand dollars.

The appellants' motion for a new trial was overruled, and their exception was entered to this ruling, and judgment was rendered on the verdict.

The overruling of their motion for a new trial is the only error assigned by the appellants in this court. The causes for such new trial were as follows:

1. The verdict was not sustained by sufficient evidence;

2. The verdict was contrary to law;

3. Error of the court in admitting the evidence of the appellee, Malott, as to the statements of Job S. Mills, deceased, whose administrator was a party plaintiff; and,

4. The court erred in admitting the evidence of the appellee, Malott.

Before we consider the questions arising under the alleged error assigned by the appellants, it is proper that we should dispose of a motion, filed by the appellee in this court, to dismiss the appeal of this cause. The reason assigned by the appellee, in support of his motion to dis-

miss is, " that the appellants were not entitled to another trial, the cause having been tried three times, and the issues and verdicts having been the same " on each trial.

In section 352 of the practice act it is provided, among other things, that " not more than two new trials shall be granted to the same party in the same cause." 2 R. S. 1876, pp. 179 to 182.    In the case of *Shirts* v. *Irons*, 47 Ind. 445 the above quoted provision of the practice act was very carefully considered by this court, and the following construction was placed thereon :

" We think the true rule is, that where two new trials have been granted in the same cause to the same party, either by the court below or by this court, exclusively for any of the reasons specified in section 352, another new trial cannot be granted to the same party in such cause for any of the reasons specified in said section; but that this court may reverse a judgment for the erroneous rulings of the court below on the pleadings, or other matters which do not constitute reasons for a new trial, although such reversal may result in another trial in the court below upon the merits of the case."

The rule thus declared and laid down, as and for a proper construction of the statutory provision above quoted, limiting the number of new trials which a party may fairly have in civil actions, was fully recognized and approved by this court in the more recent case of *Headrick* v. *Wisehart*, 57 Ind. 129.

Applying the rule thus laid down to the case at bar, and the new trials granted therein as shown by the reports of this case in 43 Ind. 248, and in 51 Ind. 350, it will be readily seen, we think, that the appellants have had only one new trial of this cause, " exclusively for any of the reasons specified in section 352." Indeed, it is apparent from the opinion of this court in 51 Ind. 350, that the judgment was then reversed, and a new trial was awarded,

solely and exclusively for an error of the court in overruling a demurrer to the fourth paragraph of the answer, and not for any of the reasons specified in said section 352 of the practice act. The appellee's motion to dismiss the appeal in this case is not well taken, and must therefore be overruled.

We pass now to the consideration of the error assigned by the appellant on the record of this cause, in this court.

The third and fourth causes for a new trial present the grounds upon which the appellants rely for a reversal of the judgment of the court below. These grounds are, that the court erred in permitting the appellee, Malott, to testify as a witness in his own behalf, as to any matters which occurred prior to the death of Job S. Mills, deceased, whose administrator, Joel Charles, was a party plaintiff in this action, and especially as to any statements by, or conversations with, said Job S. Mills, deceased, in his lifetime.

In the first *proviso* in section 2 of " An act defining who shall be competent witnesses in any court or judicial proceeding in this State," etc., approved March 11th, 1867, it is provided, " That in all suits where an    *    administrator    *    *    is a party in a case, where a judgment may render either for or against the estate represented by such    *    administrator,    *    *    neither party shall be allowed to testify as a witness unless required by the opposite party, or by the court trying the cause, except in cases arising upon contracts made with the    *    administrator    *    * of such estate," and except in cases where the deposition of a party has been taken and filed, and the party dies before the suit is determined, etc., 2 R. S. 1876, pp. 133 and 134.

The appellee's evidence, which the appellants objected to, was material. He testified to certain conversations between himself, the appellee, and the decedent, Job S. Mills, in the latter's lifetime, which tended to show that, by the procurement of said Job S. Mills, acting for

himself and his brothers, the said Jonathan and Owen Mills, the appellee had purchased and paid for one-half of the property in controversy, upon the faith of an agreement with the said Job S., for himself and his said brothers, that they would release their claims on the said one-half of said property, so purchased by the appellee. The appellee was not required to testify as a witness either by the appellants or by the court trying the cause, and the case did not fall within either of the exceptions stated in the statute. It seems to us that the appellee was an incompetent witness as to his conversation with Job S. Mills, deceased, and that his evidence, as to those conversations, ought not to have been admitted, over the appellants' objections. *Jenks* v. *Opp*, 43 Ind. 108 ; *Ginn* v. *Collins*, 43 Ind. 271 ; *Hoadley* v. *Hadley*, 48 Ind. 452.

For the reasons given, the court erred, we think, in overruling the appellants' motion for a new trial of this cause.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellants' motion for a new trial, and for further proceedings.