## Schenck v. Long, Sheriff.

REPLEVIN.—*Complaint against Sheriff.—Levy on Undivided Interest in Personal Property.—Evidence.*—In an action of replevin against a sheriff,

the complaint alleged that the plaintiff was the owner, and entitled to the possession, of a certain undivided interest in certain personal property, possession of which had been unlawfully taken, and was unlawfully detained, by the defendant, etc.

*Held*, on demurrer, that the complaint is sufficient.

*Held*, also, that proof of the seizure, by the defendant, of the undivided interest of the plaintiff's co-owner, would not sustain the action.

From the Switzerland Circuit Court.

*S. Carter* and *W. R. Johnston*, for appellant.

*J. B. McCrellis*, for appellee.

Howk, C. J.—This was a suit by the appellant, against the appellee, sheriff of Switzerland county, to recover the possession of certain personal property and damages for the alleged unlawful detention thereof. The appellee demurred to the appellant's complaint, for the want of sufficient facts therein to constitute a cause of action, which demurrer was sustained by the court, and to this decision the appellant excepted, and, having refused to amend or plead further, judgment was rendered against him for a return of the property, for nominal damages and for the costs of suit.

The only question presented for our decision by the record of this case, and the appellant's assignment of error thereon, is this: Does the appellant's complaint state facts sufficient to constitute a cause of action?

In his complaint, the appellant alleged, in substance, that he was the owner, and entitled to the possession, of the undivided one-half of two-thirds of sixty tons of unpressed hay, in the mow in the barn, of the value of one hundred dollars, of one-half of two-thirds of twenty-five acres of corn on the stalk, standing in the field, of the value of ninety-five dollars, of one-half of two-thirds of two acres of corn in the shock, standing in the field, of the value of eight dollars, of one-half of two-thirds of one hundred and seventy bushels of potatoes in piles, in the field, of the value of seventeen dollars and fifty cents, and

Schenck *v.* Long, Sheriff.

of one-half of two-thirds of twenty-five bushels of seed-potatoes in piles, in the field, of the value of one dollar and seventy-five cents, all of said property being of the value of two hundred and twenty-two dollars and twenty-five cents, which the appellee had possession of without right, and unlawfully detained from the appellant. Wherefore, etc.

It may well be doubted, if the appellant can successfully maintain an action on this complaint; but, at the same time, we think it stated facts sufficient to constitute a cause of action, in one view at least of the case, and, for that reason, to withstand the appellee's demurrer thereto, for the want of facts. If, for instance, the undivided interest, described in the complaint, of the property therein described, was the only interest and all the interest, which the appellee held or claimed to hold therein, and if such undivided interest only, and no more, had been levied upon or seized by the appellee, as sheriff, by virtue of a writ against some third party, upon the supposition that it was the property of such third party; and if, in such case, the appellant was in fact the owner, and entitled to the possession, of such undivided interest in such property, upon these hypotheses, we think that the appellant's complaint would state facts sufficient to constitute a cause of action, and, upon proof of the supposed facts, he would be entitled to a recovery. If, however, the appellee, as sheriff, by virtue of a writ or writs against the other part owners of the property described in the complaint, had levied upon or seized the interest therein of such part owners, it would seem to be certain that the appellant, in such a case, could not maintain an action to recover the possession of his undivided interest in such property. He could not recover the possession of his undivided interest in the property, without a recovery of the possession of the entire property; and the appellee's right to the possession of the entire

property would be, in the case supposed, fully equal to the right of the appellant. *Noble* v. *Epperly*, 6 Ind. 414; *Mills* v. *Malott*, 43 Ind. 248; *Lacy* v. *Weaver*, 49 Ind. 373; *Branch* v. *Wiseman*, 51 Ind. 1.

It seems to us, however, that none of these questions are presented by the appellee's demurrer to the appellant's complaint. The only question now before us is simply this: Does the complaint, upon its face, state facts sufficient to constitute a cause of action? This question, we think, must be answered in the affirmative. The complaint, in its allegations of facts, conforms strictly and almost literally to the provisions and requirements of the practice act in such cases. 2 R. S. 1876, p. 88, sec. 128, *et seq.* Upon its face it states a cause of action, and, if any facts exist which would prevent a recovery, they are not apparent, but must be shown by the answer or by the evidence on the trial.

In our opinion, the court erred in sustaining the appellee's demurrer to the appellant's complaint.

The appellee's counsel has made the point, and elaborately argued it, that the appellant's assignment of error, in this court, was not sufficient to present for decision the question of the sufficiency of the complaint. The assignment of error was as follows:

"The court erred in sustaining the demurrer to the complaint, the complaint being in one paragraph."

This assignment of error was certainly sufficient to present to this court for decision the question of the sufficiency of the complaint. Indeed, we do not see, and counsel has not informed us, in what manner this assignment of error could well be improved.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to overrule the demurrer to the complaint, and for further proceedings, in accordance with this opinion.