Meyer *v.* Morris.

---

No. 8500.

MEYER *v.* MORRIS.

PRACTICE.—*Suits by or against Administrators.*—*Parties, when Witnesses.*— Under the second proviso in section 1 of the act of March 15th, 1879, amendatory of section 2 of the act of March 11th, 1867, defining who

should be competent witnesses (Acts 1879, p. 245), in an action against the representative of a deceased maker and a surviving maker of a promissory note, where each sets up a separate defence, it is discretionary with the trial court to permit the surviving maker to testify.

From the Orange Circuit Court.

*M. B. Williams,* for appellant.

*A. Noblitt, A. J. Simpson* and *W. Farrell,* for appellee.

HOWK, J.—This was a suit by the appellee, as plaintiff, against the appellant and one Martin Meyer, as the administrator of the estate of John Meyer, deceased, as defendants. Appellee's complaint counted upon a promissory note for $500, dated June 11th, 1870, executed by the appellant and said John Meyer, in his lifetime, payable thirty-six months after date, to the order of Samuel Affolter, and by him endorsed to the appellee. The complaint alleged that the note was due and remained unpaid. The defendants severed in their defence, and filed separate answers. The appellant pleaded specially, that he executed the note in suit on Sunday, and on no other day or time, and had not since ratified the same in any way. The defendant Martin Meyer pleaded the former recovery of the amount due on the note. The appellee replied to both of said answers, in denial of the matters alleged therein.

The issues joined were tried by the court and a finding was made for the appellee as against the appellant, for the amount due on the note, and for the defendant Martin Meyer, as against the appellee. Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment on its finding in favor of the appellee, and against the appellant, for the amount due on the note, and in favor of the defendant, Martin Meyer, and against the appellee, for his costs.

The decision of the circuit court in overruling his motion for a new trial is the only error assigned by the appellant in this court. In this motion the only cause assigned for such new trial was an alleged error of law occurring at the trial, and excepted to, in this, in sustaining appellee's objections to the evidence offered to be given by the appellant as a wit-

ness in his own behalf, and in excluding such evidence. The bill of exceptions shows, that when the appellant, on the issue joined between him and the appellee, offered himself as a witness to testify in his own behalf only, that the note in suit was executed by him on Sunday, and that he had not, at any time since, ratified said note, the appellee objected to the offered evidence on the ground of the appellant's incompetency as a witness in this case. This objection was sustained by the court, and the offered evidence of the appellant was excluded.

Did the court err in this ruling? This is the only question presented for our decision by the record of this cause. The record shows that this case was tried and determined by the court below, at its October term, 1879. At that time the law in force in this State on the subject of the competency of witnesses, as applicable to this case, was the second proviso in section 1 of the act of March 15th, 1879, amendatory of section 2 of the act of March 11th, 1867, " defining who shall be competent witnesses," etc. This second proviso reads as follows : " *Provided, also,* That in all suits where an executor, administrator or guardian is a party, in a case where a judgment may be rendered either for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness, unless required by the opposite party or the court trying the cause, except," etc. Acts 1879, p. 245. We need not set out the exceptions to the proviso quoted, as it is clear that none of them are applicable to the case now before us. It can not be doubted that the competency of witnesses is a proper subject of legislation ; and where, as in the proviso quoted, the General Assembly of this State have declared in plain, positive and unequivocal terms, that in all such suits as the one now before us, " neither party shall be allowed to testify as a witness," it is the duty of the courts to enforce the law as it is written. In this case, an administrator was a party in the trial court, and, upon the issues joined, the court could not do otherwise than to render a judgment either for or against the

estate represented by such administrator, and it is not claimed that the appellant was required to testify as a witness, "by the opposite party or by the court trying the cause."

It will be seen that this case comes squarely within the exact letter of the statute, and we can not say that the court erred in sustaining the objections to the competency of the appellant as a witness, or in excluding his offered evidence. The statute clothed the trial court with the right and power to require the appellant to testify as a witness in the case, and, if it had appeared to that court that such requirement would subserve the right and justice of the case, we do not doubt that the court would have required the appellant to testify. However this may have been, it is certain, we think, that the statute gave the court trying the cause a discretionary power in regard to the admission or exclusion of the appellant's offered evidence; and we can not say, from anything apparent in the record, that the court erred in the exercise of such discretionary power. *Jenks* v. *Opp*, 43 Ind. 108; *Hoadley* v. *Hadley*, 48 Ind. 452; *Charles* v. *Malott*, 65 Ind. 184; *Carter* v. *Zemblin*, 68 Ind. 436.

For the reasons given, we are of the opinion that the court committed no error in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.