The State, ex rel. Dunham, v. Roche, Administrator, et al.

No. 10,742.

## THE STATE, EX REL. DUNHAM, v. ROCHE, ADMINISTRATOR, ET AL.

PLEADING.—Answer to Suit on Bond.—In a suit upon a bond each breach assigned, with the introductory averments, is regarded as a separate paragraph of complaint, with a view to making issue, and an answer in bar of the whole action, not sufficient as to one of the breaches assigned, is bad on demurrer.

PRACTICE.—Waiver.—A defendant who obtains an order on the plaintiff to separate his causes of action and have them separately docketed, and then pleads to the whole complaint, without taking action to enforce the order, waives it.

SAME.—Harmless Error.—When the general denial is pleaded, it is a harmless error to sustain a demurrer to another paragraph merely alleging facts equivalent to the denial or admissible in evidence under it.

SAME.—Payment.—In a suit on a guardian's bond, for conversion of the ward's money and a failure to pay, etc., payment in whole or in part is provable under the general denial.

GUARDIANSHIP.—Filing Accounts.—Where a guardian files accounts of his guardianship as required by law, and the court makes no order approving them, such reports conclude nobody.

SAME.—Education and Maintenance.—A guardian is not entitled to credit for sums expended in the education and maintenance of his ward, unless the ward had no parents able to provide therefor, or unless such parents were unwilling to do so.

SAME.—Bond.—Approval.—Complaint.—A complaint on a guardian's bond, which exhibits a copy of the bond and the clerk's approval thereof, sufficiently shows that the bond was approved.

From the Huntington Circuit Court.

W. H. Trammel and T. L. Lucas, for appellant.

J. B. Kenner and J. I. Dille, for appellees.

COLERICK, C.—This was an action brought by the appellant against the appellees upon a bond executed by Mahon as guardian of the relatrix, and by DeLong as surety. The complaint, in substance, averred that Mahon was, on the 10th day of October, 1871, duly appointed by the clerk of the court of common pleas of Huntington county, Indiana, guardian of the person and property of the relatrix, and filed his

bond as such guardian, conditioned for the faithful performance of his duties, with DeLong as surety thereon, a copy of which bond is filed with and made a part of the complaint, by which it appears that the bond was approved by the clerk of said court; that said guardian entered upon the duties of his trust, and continued to perform the same until the 18th day of May, 1874, when he died, and that afterwards the appellee Roche was duly appointed administrator of his estate, and is now acting in said capacity. It is then averred that said Mahon failed to perform faithfully his duties as such guardian, and seven breaches of the condition of said bond are assigned, all of which, except the seventh, related to sums of money, which, it was alleged, had been received by said guardian and converted to his own use, and that he did not, in his lifetime, nor have the appellees, or either of them, since his death, accounted and paid to the relatrix, or any person authorized to receive the same, said sums of money, or any part thereof.

The seventh breach assigned was as follows:

" 7th. That while and during the time that said decedent was guardian of relatrix and her estate as aforesaid, relatrix was the owner in fee simple of the undivided third part of certain large tracts of real estate, situated in Jackson and Union townships, in Huntington county, Indiana, amounting, in the aggregate, to nine hundred acres of land, which was principally valuable for the large amount of excellent green, growing and valuable timber thereon; that said guardian, who claimed to own the other two-thirds part of said real estate in his own right, disregarding his duties as such guardian, negligently cut down, destroyed, hauled off and removed from the whole of said land all of said green, growing and valuable timber, and sold and converted the same to his own use, and by so removing said timber greatly depreciated the value of relatrix's said land, to her great loss and damage in the sum of $5,000; no part of which has ever been paid or accounted

for by said guardian or said defendants to relatrix, or any one having authority to receive the same."

A motion was made by the appellees to require the appellant to separate her causes of action, and have them separately docketed. The motion was sustained, but the record fails to show that the order so made was complied with. We infer from the record that the appellees waived its enforcement, as it appears that the appellees, without taking any action to enforce the order, filed their separate answers to the original complaint, which is the only complaint in the record. The order was made at their instance and for their benefit. They had the right to waive its enforcement, and did do so, in the manner stated. It is now too late for them to complain of its non-enforcement.

Each of the separate answers so filed consisted of two paragraphs. The first paragraph of each was a general denial. The second paragraph of DeLong's answer, after admitting the appointment of Mahon as such guardian, and the execution of the bond sued upon, averred that said guardian duly reported to said court his proceedings as such guardian, as required by law, in two biennial reports, to wit, on the — day of ———, 18—, and on the — day of ———, 18—, and that said Mahon continued to execute the duties of his said trust until the 4th day of February, 1871, when the appellee was, by said court, released from his suretyship on said bond upon his own petition therefor; that prior thereto, and while said bond was in force, said guardian contracted a large debt, to wit, $1,200, " in and about and for the proper education, care and maintenance of his said ward, to one Ruth Bryan, principal of a female seminary at Batavia, New York; that said ward's estate at said time consisted almost wholly of real estate, and no money, and in order to properly educate and care for said ward, according to her circumstances and station in life, said guardian became personally responsible for said education and care; that a judgment was taken against him personally for said amount of $1,073.39, which amount

was wholly for the care, education and maintenance of said ward, and in favor of said Ruth Bryan," and that before said judgment was paid said guardian died, and that afterwards the administrator of his estate paid $600 on said judgment, and that the residue thereof is still a judgment against his estate. It is then averred that said administrator paid over to the relatrix, or for her use, $310, which sum was the full amount due to her, as shown by said reports, and for which sums the appellees asked to have credit, and prayed that said judgment might be credited on whatever sum was found due to the relatrix on said bond.

The second paragraph of the separate answer of Roche averred, in substance, that Mahon as such guardian, reported to said court his proceedings therein, as required by law, in two biennial reports, to wit, on the —— day of ————, and on the —— day of ————; that during the time that said Mahon was such guardian he contracted a debt for the support and education of the relatrix with one Ruth Bryan, principal of a female seminary in Batavia, New York, to the amount of $1,200; there being no money on hand and the education of said ward being necessary, said guardian gave his personal obligation to said Ruth Bryan for said education and support, and permitted a judgment to be taken against him personally, in the sum of $1,068, of which $600 was paid by Roche, as such administrator, and that the balance of the judgment had been assigned by her to S. R. Alden, for a valuable consideration. It then averred that Mahon " as guardian, duly made, while guardian, his reports according to law, and by said reports, which were never set aside, he showed that he had at the date of his last report, to wit, February 10th, 1872, in his hands $178.41, but that said $178.41 was after said term fully paid by Roche, administrator of the estate of Mahon; that at the death of said guardian, which was during said guardianship, said Mahon had no money of said relatrix in his hands, and that he should

have credit for the amount of $1,068," being the judgment so rendered against him.

Demurrers to the second paragraph of each of said separate answers were overruled, to which rulings exceptions were properly reserved, and thereupon a reply was filed to said special paragraphs. The issues so formed were submitted to a jury for trial, and resulted in the rendition of a verdict in favor of the appellees, and, over a motion for a new trial, judgment was rendered in their favor, from which the appellant appeals, and assigns as errors for the reversal of the judgment the rulings upon said demurrers, and on the motion for a new trial.

In an action on a bond, where several breaches are assigned, each breach so assigned, taken in connection with the introductory averments in the complaint, is to be regarded, for the purpose of forming the issues to be tried, as a separate paragraph of the complaint, and as constituting a distinct cause of action. See *Reno* v. *Tyson*, 24 Ind. 56 ; *Colburn* v. *State, ex rel.*, 47 Ind. 310 ; *Boden* v. *Dill*, 58 Ind. 273 ; *Mustard* v. *Hoppess*, 69 Ind. 324. In this case the special paragraphs of the answers, to which the demurrers were overruled, purported to answer the entire complaint, embracing all the breaches assigned as causes of action, when, in fact, they were not answers to the seventh breach above set forth, and can not be so construed. That a pleading purporting to answer the whole complaint, and only answering a part, is bad on demurrer, has been often decided by this court. As was said in *Frazee* v. *Frazee*, 70 Ind. 411, " There is no rule of pleading more fully recognized and settled by the decisions of this court than this, that each paragraph of an answer must fully answer the entire complaint, or so much thereof as it purports to answer, or it will be held bad on a demurrer thereto for the want of sufficient facts." Where it appears that this rule is violated in any paragraph of an answer, the paragraph must be held bad on demurrer thereto. The appellees insist that the special paragraphs were good as general denials. The first par-

The State, *ex rel.* Dunham, *v.* Roche, Administrator, *et al.*

agraph of each of the separate answers was a general denial; therefore, if the position assumed by counsel is correct, the appellees would not have been harmed if the demurrers had been sustained. Conceding that the facts averred in the special answers were admissible under the general denial, still it was error to overrule the demurrers, because the facts therein stated were pleaded in bar of the action, and were not, as we have held, sufficient for that purpose. In *Kernodle* v. *Caldwell*, 46 Ind. 153, it was held, by this court, that it was error to overrule a demurrer to a special paragraph of a reply, if the facts are not sufficient to bar the action, though proof of the facts might be admissible under the general issue. And in *Charles* v. *Malott*, 51 Ind. 350, a like ruling was made as to a special paragraph of an answer. We adhere to these rulings, as they establish or recognize a correct and reasonable rule to be applied to such pleadings.

It is asserted by the appellees that the special paragraphs were good pleas of part payment. It was averred in the complaint that Mahon, as such guardian, had received sums of money belonging to the relatrix, and converted the same to his own use, and that he did not in his lifetime, nor did the appellees since his death, account or pay to the relatrix, or any person authorized to receive the same, said sums of money, or any part thereof. The appellees, under their answers of general denial, had the right to meet the appellant's evidence in support of these averments, by proof that said sums of money, or parts thereof, were accounted for and paid to the proper person. Again, if considered as pleas of payment, they were bad, because they professed to answer the entire demand sued for, when, in fact, they were only answers to a part of the demand, as appears on the face of the answers. Under a plea of payment in full, proof of payment in part may be made. *Ballard* v. *Turner*, 58 Ind. 127. But an answer averring payment in part is not good when pleaded, as in this case, in bar of the entire claim. It is also contended by the appellees that the special paragraphs were good, because they

averred that Mahon, as such guardian, reported to the proper court the estate of his ward, according to law, and that the reports so made were approved by the court, and had never been set aside, and that the balance due to the ward, as shown by the reports, had been paid to her. The appellees' counsel, assuming that these facts were averred in the answers, assert that it is a well settled principle of law that current reports and orders, although only interlocutory and subject to modification by the court on a proper application, are conclusive, as other judgments, when collaterally attacked in a suit upon the bond. If the principle of law invoked is applicable to reports like these, upon which question we express no opinion, it is sufficient to say that it can not be applied in this case, as there is no averment in the answer, as asserted by the appellees, that the reports were ever approved by the court; it is merely alleged that the reports were made. It is the order of the court approving the report, which, being in the nature of a judgment, precludes a collateral attack. In this case, it is not alleged that any such order was made, and, therefore, the principle of law upon which the appellees rely, if otherwise applicable, can not be applied. The appellees also insist that the answers were good, because they averred that for the necessary education and support of his ward the guardian expended $1,068, for which his estate claims credit. A like question was presented to this court at its present term in an action wherein the same parties in this case, except DeLong, were the parties, and founded upon a bond executed by the same guardian. It was decided in that case that an answer, similar to those now under consideration, was insufficient, because it contained no averment that the relatrix had no father or mother at the time the guardian provided board and tuition for her, nor that they were unable or unwilling to furnish her such board and tuition. See *State, ex rel.*, v. *Roche*, 91 Ind. 406. It does appear by the averments in the complaint in this action, that the father of the relatrix was not living at the time said indebtedness was incurred, but there is no allega-

tion, either in the complaint or answers, that the mother of the relatrix was not living, nor that she was unable or unwilling to furnish such board and tuition, nor were facts equivalent to such an averment stated. We think, for the reasons named, that the answers were insufficient.

It is last contended by the appellees that if the answers were bad, they were good enough for a bad complaint, and insist that the complaint in this case was insufficient, because it did not aver that the bond sued upon had been duly approved. We think it sufficiently appears by the averments in the complaint that the bond was properly approved.

For the error committed by the court in overruling said demurrers the judgment must be reversed.

The other errors assigned relate to rulings that were made by the court on the admission of evidence, and to instructions that were given, refused, and modified. As these questions will not probably arise in another trial, it is unnecessary, in view of the conclusion reached by us, to consider or determine them.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellees, and the cause is remanded, with instructions to the court to sustain the demurrers to the second paragraph of each of said separate answers and for further proceedings in accordance with this opinion.

Filed April 4, 1884.