No. 1,911.

Simons, Administrator, *v.* Beaver.

TRIAL.—*Conflict Between General and Special Verdict.* — Special answers control the general verdict only when the antagonism between them is so great that it cannot be removed by any evidence admissible under the issues.

DECEDENT'S ESTATE.—*Claims Against.—Defenses.*—Under section 2324, R. S. 1881 (section 2479, R. S. 1894), providing that when a claim against an estate is transferred for trial, the executor or administrator need not plead any matter by way of answer, except a set-off or counterclaim, the defense of full or partial payment is available without special plea.

From the Allen Circuit Court.

*Vesey & Heaton*, for appellant.

*Randall & Doughman*, for appellee.

GAVIN, C. J.—Appellee filed a claim against the estate represented by appellant, for money collected by the decedent upon a note of appellee's in his hands for collection.

Upon a trial, the jury returned a general verdict for appellee for $138.46, and also made answers to interrogatories as follows:

"1. When did Oscar A. Simons receive from A. C. Beaver the note mentioned in the complaint?

"Answer. Prior to September 10, 1883.

"2. When did he, Simons, collect said note?

"Ans. About January 7, 1884.

"3. How much did said Simons receive upon said note?

"Ans. $138.46.

"4. What person paid said note to said Simons?

"Ans. Jacoby & Wiegand."

The court rendered judgment upon the verdict, but added to the amount of the general verdict interest from the date of filing the claim, making the judgment $185.46.

While the evidence is, to a considerable extent, vague and unsatisfactory, the circumstances were such as probably to preclude the presenting of more definite proof. Under the rule governing the Appellate tribunal, we do not feel justified in setting the verdict aside. We are, however, of the opinion that the learned trial judge was in error in rendering judgment upon the special answers to interrogatories, for a sum in excess of that stated in the general verdict.

In considering a right to judgment upon the answers to interrogatories, as against the general verdict, the court can consider, not the evidence which actually was introduced, but that which might have been. The special answers control the general verdict only when the antagonism is so great that it could not be removed by any evidence admissible under the issue. 2 Elliott Gen. Pract., section 922; *Pottlitzer* v. *Wesson*, 8 Ind. App. 472; *Goff* v. *Hankins*, 11 Ind. App. 456; *Cincinnati, etc., R. W. Co.* v. *Smock*, 133 Ind. 411.

If the general verdict and special answers can both stand upon any reasonable hypothesis, having regard, not to the proof actually made, but to that possible under the issue, the general verdict must be upheld.

In this case the plea of payment was in by the

statute, without special plea. R. S. 1894, section 2479.

Under the issues thus formed, the defense of either full or partial payment was available. *Ballard* v. *Turner*, 58 Ind. 127; *State, ex rel.,* v. *Roche, Admr.,* 94 Ind. 372.

As to payment, the special answers of the jury indicate nothing. Each of the answers may be strictly true, and the claim have been reduced by partial payment to the amount found by the general verdict. Thus we think it clear that there is no irreconcilable conflict between the general verdict and the answers to interrogatories.

It must be borne in mind that while the general verdict finds in favor of appellee for $138.46, as to any further sum by him claimed to be due, the general verdict is by implication in favor of appellant.

Judgment reversed, with instruction to sustain appellant's motion to modify the judgment.

Filed April 3, 1896; petition for rehearing overruled June 16, 1896.