No. 1,659.

## HOPPES v. CHAPIN.

PRACTICE.— *Special Verdict.*— Where a money judgment only is sought, the verdict, or findings, whether they be special or general, must determine the amount, or find such facts as leave nothing for the court to do but to make a mere mathematical calculation.

APPELLATE COURT.—*Jurisdiction Of.*—*Evidence.*—*Errors of Law.*— If there is any evidence fairly tending to support the material facts

essential to a recovery, or if there be a conflict of evidence on such questions, this court has no power to weigh the evidence, the jurisdiction of the court on appeal being confined exclusively to a review of errors of law.

NEW TRIAL.—*Refusal of Court to Render Judgment on Special Verdict.*—The refusal of the court to render judgment on a special verdict, is not cause for a new trial. If a party wishes to avail himself of such ruling, he must make a motion for judgment on the verdict and except to the ruling thereon, and assign such ruling as error in this court.

From the Jay Circuit Court.

*J. J. M. La Follette* and *O. H. Adair*, for appellant.

*J. W. Headington, J. F. La Follette* and *A. M. Waters*, for appellee.

LOTZ J.—The appellee sued the appellant to recover damages for a fraud alleged to have been perpetrated upon her in the settlement of a bastardy proceeding, and recovered judgment in the court below.

The first assignment of error calls in question the sufficiency of the amended complaint. The complaint is assailed for the first time in this court. It is unquestionably good after verdict.

Another assignment of error is the overruling of appellant's motion for a *venire de novo.*

The only objection made to the special verdict, under this assignment, is, that the verdict fails to assess the amount of the recovery. If a money judgment only is sought by the action, the verdict, or findings, whether they be special or general, must determine the amount or find such facts as leave nothing for the court to do but to make a mere mathematical calculation. *Johnson* v. *Bucklen,* 9 Ind. App. 154.

The special verdict before us finds such facts as leave nothing for the court to do except to make a

mathematical calculation. There was no error in overruling the motion for a *venire de novo*.

The only other assignment of error is the overruling of appellant's motion for a new trial.

It is insisted that the verdict is not supported by sufficient evidence and is contrary to law. This court's jurisdiction on appeal is confined exclusively to a review of errors of law, and we have no power to review errors of fact. *Simons* v. *Beavers*, 15 Ind. App. 510; *Deal* v. *State*, 140 Ind. 354.

If there is any evidence fairly tending to support the material facts essential to a recovery, or if there be a conflict of evidence on such questions, this court has no power to weigh the evidence. A careful consideration of the evidence discloses that there was some evidence tending to support the verdict on every essential point.

Another cause for a new trial is, that the court erred in refusing to render judgment for the defendant on the special verdict.

This is not properly a cause for a new trial. If the appellant wished to avail himself of such a ruling, he should have made a motion for judgment on the verdict, and excepted to the ruling thereon, and assigned such ruling as error in this court. The record does not show that appellant made such motion, nor is the ruling thereon assigned as error in this court. Rulings on such motions do not occur on the trial, but subsequently thereto, and cannot be reached by a motion for a new trial.

There is no reversible error in the record.

Judgment affirmed.

Filed May 7, 1896.