Robbins v. Souers—177 Ind. 213.

## ROBBINS ET AL. v. SOUERS.

[No. 21,950. Filed November 28, 1911. Rehearing denied February 23, 1912.]

1. TRIAL.—Answers to Interrogatories.—General Verdict.—Where the defendant pleaded payment and failure of consideration in an action on a note executed by defendant and two others for the purchase price of cattle, answers to interrogatories showing that the purchasers inspected the herd and selected and bought ten cows for which the note was executed, that the cows were sent to purchasers who thereafter sold eight, and applied the proceeds to the payment of the note, that defendant's copartners thereafter paid one-third each of the amount remaining due on the note, and that the remaining one-third had never been paid, will preclude a recovery by defendant on such answers or by a general verdict. p. 216.

2. SALES.—Warranty.—Breach.—Cows for Breeding Purposes.—Where ten cows were sold under a warranty that they were fit for breeding purposes, a finding that one of them aborted once, but thereafter breeded regularly and never thereafter aborted, together with a further finding that said cow was at the time of the purchase worth the valuation placed on her by the parties, does not show a breach of warranty. p. 217.

3. BILLS AND NOTES.—Actions.—General Verdict.—Answers to Interrogatories.—Failure to Find Amount Due.—In an action on a promissory note, answers to interrogatories which are in irreconcilable conflict with a general verdict for defendant, though not finding the amount due on the note, are sufficient to authorize judgment on such answers, if from the facts found the court can determine the amount due. p. 218.

From Huntington Circuit Court; Samuel E. Cook, Judge.

Action by James G. Robbins and another against Ethan E. Souers. From a judgment for defendant, the plaintiffs appeal. · (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) Reversed.

*Lesh & Lesh* and *Bennett & Davidson,* for appellants.

*J. M. Sayler* and *C. W. Watkins,* for appellee.

Cox, J.—This action was brought by appellants against appellee to recover a balance alleged to be due on a promissory note, and unpaid. Appellee answered: (1) That the note was without consideration; (2) that the consideration had wholly failed; (3) that the note was fully paid before the suit was brought; (4) by way of answer and counterclaim, that the note was given as the sole and only consideration for the sale to appellee by appellants of ten head of shorthorn cows, which were purchased by appellee from appellants, to be used by him and sold by him for breeding purposes, and that appellants warranted them to be sound and fit for breeding purposes; that two of the cows, of the value of $900 each, were never delivered, and that the eight actually delivered were afflicted with an infectious and contagious disease, known as contagious abortion, which rendered them unfit and of no value for breeding purposes; that appellee relied on the warranty, and had been damaged in the sum of $5,000. Wherefore it was demanded that the note be canceled, and that he be given judgment for the sum named.

To each of these paragraphs appellants replied the general denial, and also replied specially by a second paragraph addressed to the fourth paragraph of answer, or counterclaim as it is designated. In this special reply it was admitted by appellants that the note sued on was given by appellee and his two comakers, who were partners with him at the time, for the purchase price of ten cows, purchased by them from appellants. It averred that appellee and his copartners examined appellants' stock of cows, and selected and purchased the ten in question, at an aggregate price agreed on for the ten, for which the note was given, and that at that time the cattle were in good condition and healthy, and had no disease of which appellants had any knowledge. It was further

alleged in this paragraph of reply, that after the execution of the note, appellee and his copartners took possession of all of said cows, and sold them for breeding purposes, and that none of them was returned to them by those to whom they had been so sold, nor was any claim made against them on account of their warranty, and that the cows were sound and fit for breeding purposes; that appellee and his copartners never made complaint to appellants about the cows until after they had sold them to others, and never at any time offered to return them to appellants; that each of the copartners of appellee had paid one-third of the note.

During the progress of the trial, after part of the evidence had been introduced, the court, over the objections of appellants, permitted appellee to amend his fourth paragraph of answer so as to show that all of the ten cows were diseased, instead of eight, as first alleged, and to amend his second paragraph of answer so as to show a breach of the warranty as constituting the failure of consideration.

Thereupon appellants, charging a material change of the issue by the amendment which they asserted they were unable to meet, without time to investigate and procure additional evidence, filed their verified motion to set aside the submission to enable them to meet the new issue in the cause. This motion was overruled, and appellants excepted. A general verdict for appellee was returned by the jury, together with answers to interrogatories.

Appellants rely for a reversal on the action of the trial court in overruling their motion for judgment on the facts found in answers to the interrogatories, and in overruling their motion for a new trial, in which the rulings of the court in refusing to set aside the submission of the cause upon the amendment of appellee's answers, and permitting such amendments, various rulings on the admission of evidence, the refusal to give certain instructions tendered by appellants, and the insufficiency of the evidence to sustain the general verdict, are all made causes.

A careful and thorough consideration of the record leads to the conclusion that multiple errors occurring during the progress of the trial were potential in bringing about the general verdict in appellee's favor, but the conclusion reached by such consideration requires that extended attention be given to one question only of the number raised, and that the one first above stated.

There is nothing in the record before us which shows any debatable question on any of the issues made by the various answers of appellee, except that involved in the alleged breach of warranty set up in the amended second and fourth paragraphs. The answers to interrogatories show that, prior to the date of the note appellee, Frank W. Cotton and Joseph Witter arranged to hold a cattle sale on the former's farm in Huntington county; that they authorized Cotton to act for all of them in purchasing some cows from appellants, to be sold at their sale, and that they were to be equal partners in the enterprise; that, pursuant to the arrangement, Cotton went to appellants' stock-farm, and, after inspecting their herd, selected and bought ten cows, for the aggregate price of $6,500, for which purchase price the note in suit, which was dated September 29, 1902, was given; that thereupon the cows were sent to the home of Cotton, on behalf of the makers of the note, and afterwards eight of them were shipped by him to the farm of appellee, where they were sold in November, 1902, pursuant to the arrangement theretofore made for such sale; that these eight cows brought at the sale $2,490.36, which was paid on the note, the credit to enure to the three makers in equal parts; that Cotton afterwards paid one-third of the balance due on the note, together with interest; that Witter also paid one-third of such balance, with interest, and that the remaining third had never been paid. Here are facts which clearly and unequivocally determine the issues raised by the complaint, and the first and third answers, of want of consideration and payment, against appellee and in favor

of appellants, and preclude a recovery on them by appellee under the general verdict. It is also clear from these facts that appellants had delivered all of the ten cows purchased. The general verdict must stand, then, if at all, on the breach of warranty alleged in the second and fourth answers. The warranty relied on in these answers is that the cows were sound and fit for breeding purposes, and the breach of it alleged is that they were afflicted with an infectious or contagious disease, known as contagious abortion, which rendered them unfit and of no value for breeding purposes. It is further established by the answers to the interrogatories, that the eight cows sold at the sale of November, 1902, at appellee's farm were, at the time they were sold and delivered by appellants to appellee and his two associates, healthy animals and good for breeding purposes, that they were sold at such sale under a warranty as breeders, none of them ever aborted, and that no claim was ever made by the purchasers on account of any breach of such warranty; that only one of the ten cows ever aborted, and that was one of the two which were reserved on the Cotton farm. The only debatable question then centers around one cow of the ten, and as to her it is true that the answers show that she aborted while on the Cotton farm before the sale, and that the cause was contagious abortion, and that this was the only time that she ever aborted; but it is further found, as shown by the answers, that in 1904 she gave birth to a live calf, thereafter continued to breed regularly, and never thereafter aborted. It is further found that at the time the ten cows were bought from appellants by appellee and his associates, the parties to the sale and purchase placed a valuation upon her of $750, and that at the time she was purchased she was actually worth that sum. It being shown, then, by the facts specially found by the answers to interrogatories that the only cow about which there was controversy was actually worth, at the time of the sale and delivery, the value placed on her by the parties in making the trade,

it cannot be seen how any supposable evidence competent under the issue could have shown appellee entitled to recover. The cow was being bought for breeding, and for that purpose the parties placed a valuation on her, and she was a breeder and so continued, and was actually worth the valuation placed on her.

Upon these facts we think that a complete failure of appellee's defense of a breach of warranty appears, and that appellants' motion for judgment on the answers to interrogatories should have been sustained.

The judgment of the lower court is reversed, with instructions to render judgment in favor of appellants against appellee on the answers to interrogatories.

## ON PETITION FOR REHEARING.

Cox, J.—Appellee has presented a petition for a rehearing, and supported it by an earnest brief. It is contended that this court should not have ordered judgment to be rendered upon the answers to interrogatories, for the reason that they do not fix the amount which appellant should recover. It is not necessary in an action such as this, where a money judgment is sought on a note, that the answers shall find the specific amount due. It is sufficient if facts are found which enable the court, by a mere mathematical calculation, to determine it for the purpose of incorporating it in the judgment. This the answers in this case do. *Hoppes* v. *Chapin* (1896), 15 Ind. App. 258, 43 N. E. 1014; *Branson* v. *Studabaker* (1892), 133 Ind. 147, 33 N. E. 98.

It is again insisted that there was no such unadjustable antagonism between the answers and the general verdict as to overthrow the latter, and authorize a judgment on the former. And it is argued that the answers, to the effect that the one cow in question was in fact worth the valuation the parties put on her at the time the contract of purchase was

made, were "the result of an accident, oversight or misunderstanding on the part of the jury." We cannot approve this assumption, for the answers were direct, positive and unequivocal answers to plain questions. It is urged that a new trial be ordered, rather than judgment; but we think that the record presents a case in which the ends of justice and its speedy attainment fully justify ordering judgment on the answers, and the petition is overruled.

Myers, J.—I concur in the reversal, but am constrained to the belief that a new trial should be awarded, instead of a judgment directed on the interrogatories. There is evidence that one cow, some two years after appellee purchased her, became a breeder. There is evidence that it was known to appellant, that the purchase was made for the purpose of shortly holding a sale of the stock for breeders, and in view of abortion of one cow she was not offered for sale, and could not have been safely sold for the purpose for which she was purchased. There is also evidence, that abortion may have arisen from injury, though the jury find that it was from contagious abortion.

The jury found, in answer to interrogatories, that the cow was valued by the parties, at the time of the purchase, at $750, and that she was of that value, and that she would have been of that value if she had not aborted.

It seems clear to me that the answers of the jury are predicated on a value for breeding purposes only, and in view of the explicit evidence that the cow did not breed for two years, and of some evidence that she was only of the value of $40 or $50 during the time she did not breed, or in case she had been exposed to aborters, there is some ground for support of the answer of some failure of consideration, or some breach of warranty, and that justice will be better subserved by granting a motion for a new trial, upon the authority of *Lake Erie, etc., R. Co.* v. *Hennessey* (1912), *ante,* 64. See, also, *Matchett* v. *Cincinnati, etc., R. Co.* (1892),

132 Ind. 334, 31 N. E. 792; *Shoner* v. *Pennsylvania Co.*
(1892), 130 Ind. 170, 29 N. E. 775; Elliott, App. Proc. §563,
and cases cited; Buskirk's Practice 334.

NOTE.—Reported in 96 N. E. 586 and 97 N. E. 530. See, also,
under (1) 38 Cyc. 1927; (2) 35 Cyc. 418; 53 Am. Dec. 173; (3)
38 Cyc. 1923.