## LEWIS v. HAAS.

PRACTICE.—*Assignment of Error.*—Where a special finding of facts with conclusions of law is made, an assignment of error in overruling a motion for judgment on the special finding is not valid. The assignment should be that the court erred in the conclusions of law.

Lewis v. Haas.

SAME.—A judgment will not be reversed on the evidence, where it is conflicting, but is sufficient to authorize and sustain the findings.

SAME.—That a decision is contrary to the special findings of the court, is not a reason for a new trial.

From the Madison Circuit Court.

*H. Craven* and *C. L. Henry*, for appellant.

*M. S. Robinson* and *J. W. Lovett*, for appellee.

PETTIT, C. J.—This suit was brought by the appellee, John C. Haas, against the appellant, Abisha Lewis, on the following note and endorsement, with proper statements in the complaint:

"ADAMS T'P, MADISON CO., IND., October 27th, 1869.

"One year after date, I promise to pay to J. C. Fitzgerald, or bearer, the sum of two hundred dollars, negotiable and payable at New Castle First National Bank, with interest at the rate of ten per cent. per annum, and attorney's fees if suit be instituted on this note, value received, without relief from valuation or appraisement laws. The endorsers severally waive presentment for payment, protest, and notice of protest and non-payment of this note.        ABISHA LEWIS.

"Markleville, Madison Co., Ind."

Endorsed, "J. C. FITZGERALD."

To this complaint, the defendant filed the following answer, sworn to:

"Comes now the defendant, and for answer to plaintiff's complaint denies the execution of said note, and says that he never authorized any one to sign it for him; wherefore he demands judgment for costs."

The case was submitted to the court for trial without a jury, and the court found as follows:

"The court, being sufficiently advised in the premises, finds for the plaintiff, and at the request of the defendant, the court makes the following special findings in this case: That the note sued on (was) assigned to the plaintiff before the same became due, and for value; that the name, Abisha Lewis, at the bottom of the note, is the signature of the defendant; that

the words, 'New Castle First,' were written in said note after the same was signed by the defendant, and were written by the payee of the note, without the knowledge or consent of the defendant; that the name of Abisha Lewis was procured to said note in the following manner : The payee of the note sold to the defendant, at the date of the note sued on, a patent pulverizer, or the right to sell the same in certain territory named in a contract at that time executed by the parties and marked 'B,' and the payee of the note, pretending that he desired the defendant to sign a duplicate to said contract ' B,' so laid and arranged the papers that the defendant signed the note in suit, supposing, when he signed the same, that he was signing a duplicate to said contract ' B,' and the papers were so laid and arranged as to induce defendant to believe he was signing a duplicate to said contract 'B;' and on the foregoing special findings of fact the court finds for the plaintiff, as his conclusion of law ; and the defendant excepts to the conclusion of law by the court on the foregoing special findings of fact, and asks the court on said special findings of fact to find for the defendant in the cause, which the court refused to do."

To this refusal the defendant excepted. The only question before the court, under the issue formed, was the execution of the note, which includes its signing, as it was when sued on, and its delivery. The issue did not present or raise the question of fraud, want or failure of consideration, but only the question of the execution of the note. The record is very irregular and imperfect.

The errors assigned are :

" 1st. That the court erred in overruling the appellant's motion for a new trial.

" 2d. That the court erred in overruling the appellant's motion for judgment on the special findings for the defendant below."

This is not a valid assignment of error. It should be that the court erred in the conclusions of law.

The reasons for a new trial, as stated in the transcript, are :

" 1st. Because the decision is not sustained by sufficient evidence.

" 2d. Because the decision is contrary to law.

".3d. Because the decision is contrary to the special findings of the court."

Under the first cause or reason for a new trial, we say that the evidence is, to some extent, conflicting, but there is evidence that authorized and sustained the findings, and we cannot, therefore, reverse the judgment on the evidence.

As to the second reason for a new trial, though it is a statutory cause for a new trial, we are not able to see why or wherein the decision is contrary to the law in this case.

As to the third cause for a new trial, we have only to say that no such cause or reason for a new trial is known to our law. The conclusions of law on the special findings should be excepted to, and the erroneous conclusions of law should be assigned in this court as error, which is not done in this case. *Cruzan* v. *Smith,* 41 Ind. 288 ; *The Montmorency G. R. Co.* v. *Rock,* 41 Ind. 263, 269.

There is no available error presented to this court by the record. It is possible that the appellant has been wronged in this case, but as it is presented to us, we cannot reverse the judgment.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.