Sanders *v.* Scott.

SANDERS *v.* SCOTT.

SPECIAL FINDING.—*Correct Judgment on Erroneous Conclusion.—Mistake.—* Where, from the facts specially found by the court and its conclusion of law, it is apparent that its judgment was for the proper amount, the fact that the amounts mentioned in the conclusion of law were incorrect is not available error.

PARTNERSHIP.—*Interest.*—Interest should be allowed on partnership money collected and unlawfully detained by a copartner after dissolution.

BRIEF.—*Reference to Record.—Rule* 19.—*Supreme Court.*—Under rule 19 of the Supreme Court, a brief should refer to the part of the record relied on to establish alleged error.

From the Marion Superior Court.

*H. W. Harrington* and *A. G. Howe,* for appellant.

WORDEN, J.—This was an action by the appellee, against the appellant, to recover an amount claimed to be due from the defendant to the plaintiff on partnership accounts.

Issue, trial by the court, and finding and judgment for the plaintiff, at special term, and judgment affirmed at general term.

The court below, at special term, found the facts special-ly, and stated conclusions of law thereon; and it is claim-ed by the appellant that the court erred in its conclusions of law, and in overruling a motion for a new trial. It is proper to state enough of the facts found by the court to make the conclusions of law stated intelligible.

It sufficiently appears by the finding that the plaintiff and defendant had been in partnership in the saloon business, each furnishing one-half of the stock and fix-tures. At the dissolution of the partnership, the fixtures, etc., were worth seven hundred and fifty dollars, and the stock of liquors on hand eighty dollars. These were ap-propriated by the plaintiff to his own use. The plaintiff paid on debts of the firm the sum of five hundred and five dollars. There are no other debts due to or from the firm. The defendant received from the proceeds of the business, above what he expended for the use of the firm, the sum of one thousand nine hundred and twenty-three dollars and thirty-six cents. He was entitled, however, to a credit of thirty dollars for coal furnished by him.

The court stated as a conclusion of law, " that defend-ant is debtor to the plaintiff one-half of his receipts over his expenditures............................................... $961.68

" One-half of plaintiff's payments after disso-lution, upon firm debts ...................................... $252.50

" Total,................................................. $,1,214.18

" That the defendant is creditor to the plaintiff:

" ½ value of furniture and fixtures.................... $750.00

" ½ value of stock......................................... 40.00

" On account of coal...................................... 30.00

445.00

"Bal.................................................................... 769.18
"Int. thereon for 7 years, at six per cent.......... 323.05

$1,092.23."

For the sum last above named judgment was rendered for the plaintiff.

It is evident that the court ought not to have credited the defendant with more than one-half of the value of the fixtures, etc., and the stock of liquors on hand, and did not intend to do so by the conclusion stated. The fixtures and the stock amounted to eight hundred and thirty dollars, one-half of which, four hundred and fifteen dollars, together with the thirty dollars for coal, makes the sum of four hundred and forty-five dollars, allowed as a credit to the defendant. The correct conclusion was reached, and though there is a little confusion in the figures as they come up to us, no substantial error was committed.

But the counsel for the appellant, in their brief, say:

"There is also error in overruling the defendant's motion for a new trial:

"1st. It is plain the damages are excessive;

"2d. The court erred in refusing to admit the following evidence, offered by defendant, relating to rent and profits made by Scott for nine months' use of firm property."

It does not seem to us that the damages were excessive; and, as to the rejected evidence, there is no reference in the brief to the part of the record in which the supposed error may be found. There is a rather lengthy bill of exceptions in the record, but we do not feel called upon to search through it in pursuit of the supposed error. The portion of the record relied upon should have been pointed out, in compliance with rule 19 of this court.

The judgment below is affirmed, with costs.