No. 14,485.

## SPHUNG ET AL. ·v. MOORE.

REAL ESTATE.—*Action to Recover.—Complaint.—Conclusions of Law.— Variance.*—Where a complaint to recover real estate alleges that the plaintiff is the owner in fee, and that fact is stated in the special finding, and a proper judgment is rendered, the fact that the conclusions of law characterize the plaintiff's title merely as " good and sufficient," is not material.

SAME.—*Swamp Land.—Meander Line.—Riparian Owner.*—Where one, by a chain of conveyances running back to the United States, acquires title to " that part of the northeast fractional quarter of section 36, township 23 north, range 4 west, lying south of the Kankakee river," being swamp land, the meander line of the river does not constitute the boundary of his land, but he is a riparian owner, and may maintain an action of ejectment against one who, without his consent, has taken possession of the land lying between such meander line and the river.

From the Starke Circuit Court.

*H. R. Robbins,* for appellants.

*S. J. Peelle, G. W. Beeman* and *W. L. Taylor,* for appellee.

OLDS, J.—This is an action in ejectment brought by the appellee against the appellants. The court found the facts specially, and stated its conclusions of law, and rendered judgment for the appellee.

The first error assigned and discussed is the overruling of the demurrer to each paragraph of the complaint. The complaint is in two paragraphs. The first paragraph alleges that the plaintiff is the owner in fee and is entitled to the possession of the fractional northeast quarter of section 36, in township 33 north, of range 4 west, lying south of the Kankakee river, in Starke county, Indiana, and that said defendants now hold and have possession of said land unlawfully and without right, and for one year last past have unlawfully kept plaintiff out of possession.

The second paragraph alleges that the plaintiff is the

owner in fee and entitled to the possession of all that part of the fractional northeast quarter of section 36, in township 33 north, of range 4 west, which lies south of the middle line of the Kankakee river, in Starke county, Indiana, and that defendants without any legal right whatever wrongfully hold, detain and keep the possession thereof from the plaintiff, and have kept him from the possession for the past year.

The objection made to each of the paragraphs of complaint is, that they are indefinite and do not properly describe the real estate sought to be recovered. This objection is not well taken. Each of the paragraphs properly and definitely describes the real estate in question.

The finding of facts shows that on the 4th day of March, 1850, the United States granted to the Wabash and Erie Canal the north half of the southeast quarter, and that part of the northeast fractional quarter of section 36, township 33, range 4 west, lying south of the Kankakee river, containing 122.70 acres; that on the 14th day of January, 1866, the Wabash and Erie Canal executed a deed for said land to Alvin M. Higgins; that on the 2d day of April, 1872, said Higgins executed a deed for said land to Joseph Glenn, and that on the 1st of April, 1880, the executors of said Glenn, by due authority, executed a deed for the entire interest of said Glenn to the plaintiff, who still holds such interest; that the said lands are the same lands described in the complaint; that said lands lie on the south side of the Kankakee river, or English lake; that when originally surveyed, by the authority of the United States, said river or lake was meandered, and the meander line of said river or lake was across the northeast quarter of said section 36; that the strip of land between the said meander line and the river contained about forty-three acres, which is not a part of the bed of the river, but is dry land, and not subject to overflow, except a small strip along the margin of the stream; that the defendants, without the con-

sent of the plaintiff, took possession of a small portion of the land in said northeast quarter of said section 36, included within such meandered line and the margin of the river, and held such possession against the will of the plaintiff; that the portion of said land so occupied by the defendants, in time of high water is almost covered with water; that the defendants assert no title whatever to the portion of such land so occupied by them.

Upon the foregoing facts the court stated the following conclusions of law:

1st. That the plaintiff has a good and sufficient title to the lands described in the complaint.

2d. That the lands so described in the complaint include the premises so taken possession of and occupied by the defendants, and accordingly that the defendants are trespassers on the rights of the plaintiff.

The defendants excepted to each of the conclusions of law.

The defendants then filed a motion for a new trial, which was overruled, and exceptions taken, and the defendants then filed a motion for a *venire de novo*, the grounds stated in the motion being " on account of the insufficiency of the special findings of fact and conclusions of law thereon," which motion was overruled, and exceptions taken, and the court rendered judgment in favor of the plaintiff.

It is contended that the conclusions of law do not entitle the plaintiff to a recovery, for the reason that the conclusion of law is that the plaintiff is seized of a good and sufficient title ; that if he had an equitable title it would be a good and sufficient title, and yet not entitle the plaintiff to recover on his complaint, which alleges that he is the owner in fee of the real estate. The facts found in this case show the plaintiff to be the owner in fee of the real estate, and a proper judgment was rendered in the cause.

The fact that the court stated an erroneous conclusion of law, or failed properly to state conclusions of law, is not available as error by an exception to the conclusions of law

as stated, when a proper judgment is rendered on the facts found. *Slauter* v. *Favorite*, 107 Ind. 291, and authorities there cited.

If a proper result has been reached, the judgment will not be reversed for a harmless error.

There was no error in overruling the motion for a *venire de novo.*

The next question we shall consider is the alleged error in overruling the motion for a new trial.

The land in controversy was originally granted to the Wabash and Erie Canal by the general government. In the selection of the land by the trustees of the canal the tract in question was described as the northeast quarter of section 36, township 33 north, of range 4 west, containing 122.70 acres.

Subsequently the commissioner of the general land office, as *ex officio* surveyor general of Indiana, corrected the description on the official plat in the general land office at Washington and that of the register of the district land office, and on the original plat of the lands with the state authorities at Indianapolis, and certified that such correction had been made, and that the correct description of such land was the north half of the southeast quarter, and that part of the northeast fractional quarter of section 36, in township 33 north, of range 4 west, of the principal meridian of Indiana, which lies south of the Kankakee river, containing in all 122.70 acres, and such certificate of the commissioner of the general land office was annexed to the approved list of lands selected and approved to the company in his office, which certificate was properly certified and recorded in the recorder's office of Starke county, Indiana.

The plaintiff, to make out his case, introduced a deed from the Wabash and Erie Canal to Alvin M. Higgins, and a deed from Alvin M. Higgins to Joseph Glenn, the said deeds each describing the land conveyed as the northeast quarter of sec. 36, town. 33 north, of range 4 west, containing 122.70

acres; plaintiff also introduced the record of the certificate of the commissioner of the general land office hereinbefore described; also a deed from the executors of the last will and testament of said Joseph Glenn, deceased, to the plaintiff. The land conveyed by said deed from the executors was described in the deed as the north half of the southwest quarter, and that part of the northeast fractional quarter of section 36, township 33 north, of range 4 west, of the principal meridian of Indiana, which lies south of the Kankakee river, containing in all 122.70 acres.

Objection was made by the appellant to the introduction of each of these deeds and the certificate, on the ground that they did not, nor did either of them, describe the land described in the complaint. This objection was properly overruled. The description in the deeds from the Wabash and Erie Canal to Higgins, and from Higgins to Glenn, included all the land in the northeast quarter of said section 36, and included the land in said quarter section lying south of the Kankakee river, described in the complaint, and the evidence introduced constituted a valid chain of title from the United States to the plaintiff, and sustained the finding of the court.

It is contended by counsel for the appellants that as the land occupied by the appellants was situate between the meandered line and the river, it was not included within the grant to the Wabash canal and conveyed by the deeds and mesne conveyances through which plaintiff claims title. In other words, counsel claim that the meandered line constituted the boundary line of the northeast fractional quarter of section 36, and that line being a distance from the bed of the river the plaintiff is not a riparian owner. In this counsel are in error. The meandered line does not constitute the boundary line, but the Kankakee river constituted the boundary, and the plaintiff was a riparian owner. *Ross* v. *Faust,* 54 Ind. 471; *Ridgway* v. *Ludlow,* 58 Ind. 248; *Edwards* v. *Ogle,* 76 Ind. 302. *State* v. *Portsmouth*

*Savings Bank,* 106 Ind. 435, holds that a purchaser of swamp lands takes whatever there may be within the subdivision of land purchased by him. See p. 452.

It is not material in this case to decide whether the water's edge or the thread of the river constituted the true boundary line, as the land occupied by the appellants was situated within the subdivision of land purchased and owned by the appellee, and between the water's edge and the meandered line, and was a part of said northest quarter of said section 36, lying south of the Kankakee river.

There is no error in the case.

Judgment affirmed, with costs.

Filed Oct. 16, 1889.