Nelson *v.* Cottingham.

---

NELSON ET AL. *v.* COTTINGHAM ET AL.

[No. 18,532.    Filed January 25, 1899.]

SPECIAL FINDING.—*When Treated as a General Finding.*—Where the record contains what purports to be a special finding with conclusions of law, which does not appear to have been made at the request of any of the parties to the action, it will be treated as a general finding. *p. 136.*

SAME.—*Conclusions of Law.—Exceptions.—Appeal and Error.*—The correctness of the conclusions of law upon the facts found can only be presented by exceptions to each conclusion of law and assigning as error such conclusions. *pp. 136, 137.*

FRAUDULENT CONVEYANCE.—*Husband and Wife.—Excessive Judgment.—Relief.*—No error was committed in overruling defendant's motion for judgment in an action to set aside as fraudulent a conveyance of real estate from husband to wife, where the facts found showed that after deducting the wife's one-third interest in the real

| | |
|---|---|
| 152 | 135 |
| 155 | 186 |
| 156 | 565 |
| 156 | 566 |
| 152 | 135 |
| 159 | 242 |
| 159 | 480 |
| 152 | 135 |
| 160 | 539 |
| 152 | 135 |
| 168 | 423 |

estate conveyed, and the husband's $600 exemption, there remained a small balance subject to plaintiff's debt, as defendant's remedy was by motion to modify the judgment.  *pp. 138, 139.*

From the Hamilton Circuit Court. · *Affirmed.*

*T. J. Kane, R. K. Kane* and *T. E. Kane,* for appellants.

*Roberts & Vestal* and *Fertig & Alexander,* for appellees.

MONKS, C. J.—Appellees brought this action to set aside as fraudulent, conveyances of certain real estate made by Alvin S. and Milton H. Nelson, through a trustee, to their wives, the appellants, Sarah J. Nelson and Mary Nelson. Final judgment was rendered in favor of appellees, setting aside said conveyances, and ordering that said real estate be sold to pay appellees' judgments against said Alvin S. and Milton H. Nelson.  Only Sarah J. Nelson and Mary Nelson appeal, and each separately assign errors.  The errors assigned are:   (1)   The court erred in its conclusion of law; (2), the court erred in overruling the motions for judgment in her favor on the special finding of facts.

The record contains what purports to be a special finding by the court, with conclusions of law thereon; but as it does not appear that the same was made at the request of any of the parties to the action we are compelled to treat it as a general and not a special finding.  *Jacobs* v. *State,* 127 Ind. 77, and cases cited; *Sheets* v. *Bray,* 125 Ind. 33, and cases cited.   No question is therefore presented by the first error assigned.

Section 560 Burns 1894, section 551 Horner 1897, requires that in a special finding the court shall first state the facts in writing and then the conclusions of law upon them, "and judgment shall be rendered accordingly." · This is for the purpose of enabling a party to except to the decision of the court upon the questions of law involved in the case.  If a judgment rendered in such a case should not conform to the conclusions of law stated, the remedy is by motion to modify the judgment, so as to conform to the conclusions of law;

but where the judgment rendered is in accordance with the conclusions of law stated, error, if any, in such conclusions, is not reached by a motion to modify the judgment, but by exceptions to each of such conclusions, and a proper assignment of error thereon in the court having jurisdiction of such case on appeal. *Nading* v. *Elliott*, 137 Ind. 261, and cases cited; *Smith* v. *McKean, Adm.*, 99 Ind. 101, 107; *Radabaugh* v. *Silvers, Adm.*, 135 Ind. 605, and cases cited. Therefore, when a motion is made to render judgment on a special finding which will not be in accordance with the conclusions of law if rendered, and the same is overruled and judgment is rendered in conformity with such conclusions, even though they may be erroneous, an assignment of error in this court that the court erred in overruling said motion for judgment will not present any question for decision and will be unavailable, for the reason that the correctness of the conclusions of law upon the facts found, can only be presented in this State by exceptions to each of said conclusions of law at the proper time, and assigning as error that the court erred in said conclusions. In other words, the correctness of the conclusions of law is not reached by a motion for a judgment, nor by a motion to modify or for a new trial. This has been uniformly held by this court. *Royse* v. *Bourne*, 149 Ind. 187; *Pfau, Treas.*, v. *State, ex rel.*, 148 Ind. 539; *Lewis* v. *Haas*, 50 Ind. 246; *Lynch* v. *Jennings, Adm.*, 43 Ind. 276; *Cruzan* v. *Smith*, 41 Ind. 288; *Peden's Adm.* v. *King*, 30 Ind. 181; Elliott's App. Proc., section 793.

While the overruling of motions to render judgment on a special finding not in conformity with the conclusions of law, even though they may be erroneous, will not reverse a cause, for the reason that no question can be presented on such ruling, yet if such motion were sustained and final judgment rendered according to the special finding, and contrary to the conclusions of law, they being erroneous, or if such judgment were rendered by the court of its own accord without any motion to that effect, such action of the court would

render harmless the error in the conclusions of law, and would furnish no grounds for reversal because such ultimate judgment would be correct upon the facts found. *White* v. *Chicago, etc., R. Co.,* 122 Ind. 317, 7 L. R. A. 257; *Sphung* v. *Moore,* 120 Ind. 352; *Chicago, etc., R. Co.* v. *Barnes,* 116 Ind. 126; *Slauter* v. *Favorite,* 107 Ind. 291, 300; *Krug* v. *Davis,* 101 Ind. 75. The finding in this case, however, is as we have held, to be treated as a general finding, and the motion for judgment in favor of said appellants presents the question whether they were entitled to judgment thereon in their favor.

The finding shows that the value of the real estate conveyed to appellant Sarah J. Nelson was $800, and that her husband was a resident householder of the State, and had no other property at the time of said conveyance except personal property worth $183, which he had claimed as exempt, making the entire value of his property, real and personal, $983; that the real estate conveyed to Mary Nelson was worth $800, and that her husband was a resident householder of the State and had no other property except personal property worth $267, which he had claimed as exempt, making the total value of his property $1,067. In all other respects the finding sustains the allegations of the complaint.

Each of appellants insists that under said general finding she is entitled to hold one-third in value of the real estate conveyed to her and the remainder of the $600 exemption given by law to her husband, after deducting the value of the personal property claimed by him as exempt, free from the judgments of appellees, citing *Citizens Bank* v. *Bolen,* 121 Ind. 301; *Phenix Ins. Co.* v. *Fielder,* 133 Ind. 557; *Brigham* v. *Hubbard,* 115 Ind. 474, 478; *Taylor* v. *Duesterberg, Adm.,* 109 Ind. 165, 169, 170; *Smith* v. *Selz,* 114 Ind. 229, 235.

Conceding without deciding as to the correctness of this insistence (see, however, *Marmon* v. *White,* 151 Ind. 445), a

calculation upon the basis claimed shows that there was $116.34 in value of the land conveyed to appellant Sarah J. Nelson that she was not entitled to hold free from appellees' judgments, and $200.34 in value of the land conveyed to appellant Mary Nelson that she was not entitled to hold free from appellees' judgments. It is clear, therefore, that upon the basis claimed appellants were not entitled to a judgment in their favor, and the court below properly overruled their motions therefor. If the judgment gave appellees more relief than they were entitled to under the finding, the remedy was by motion to modify the judgment. *Jarrell* v. *Brubaker*, 150 Ind. 260; *Evans* v. *State*, 150 Ind. 651, 655, 656, and cases cited. No such motion was made.

Finding no available error in the record the judgment is affirmed.