Allen *v.* Hollingshead.

---

### ALLEN ET AL. *v.* HOLLINGSHEAD.

[No. 18,621.  Filed June 29, 1900.]

SPECIAL FINDING.—*Motions.*—*Practice.*—Motions to modify a special finding, or to make additional findings, are not recognized by the code of procedure, and such motions are properly overruled, rejected or stricken out by the court.  *p. 180.*

APPEAL AND ERROR.—*Record.*—*Motions.*—A motion to strike out a pleading and the ruling of the court thereon can only be made part of the record by bill of exceptions or by order of court.  *p. 181.*

SAME —*Record.*—*Motions.*—*Order of Court.*—To make the ruling of the court in sustaining a motion to strike out a pleading a part of the record by order of court, the motion, ruling and pleading must be set out in full in the order.  *p. 181.*

Allen *v.* Hollingshead.

EVIDENCE.—*Variance.*—*Appeal and Error.*—A cause will not be reversed on appeal because of a variance between the note described in the complaint and the one produced at the trial and offered in evidence, where no reason was given at the time why said note was not admissible in evidence. *pp. 181-185.*

APPEAL AND ERROR.—*Special Finding.*—*Practice.*—It is not reversible error to overrule a motion for judgment on a special finding and conclusion of law, if the judgment when so rendered would not conform to the conclusion of law, even if such conclusion is erroneous. The proper remedy is by an exception to such conclusion of law, and assigning the same as error on appeal. *p. 186.*

SPECIAL FINDING.—*Pleading.*—*Husband and Wife.*—A conclusion of law in an action to foreclose a mortgage is not erroneous as to defendant because of the failure of the special finding to show that she was the wife of her codefendant, as alleged in the complaint, where she joined with her husband in a general denial which stated that they were husband and wife, and no answer was filed denying that they were husband and wife. *p. 186.*

From the Fulton Circuit Court. *Affirmed.*

*G. W. Holman* and *R. C. Stephenson,* for appellants.
*Harry Bernetha* and *Enoch Myers,* for appellee.

MONKS, J.—Appellee brought this action against French Hollingshead and wife and appellants, Charles A. Allen and wife, to foreclose a mortgage executed by French Hollingshead and wife on real estate, and to recover a personal judgment on the promissory note secured by said mortgage.

Said cause was tried by the court, a special finding of facts made, and conclusions of law stated thereon in favor of appellee, and, over a motion for a new trial, personal judgment was rendered against said Charles A. Allen and French Hollingshead, and a decree of foreclosure against all of said defendants in the court below.

Allen and wife appeal and have perfected a term time appeal. Appellants made several motions asking the court to modify and change certain of its findings of fact, and to find additional facts, which motions were overruled by the court. The seventh, eighth, ninth, and tenth errors assigned are predicated upon said rulings of the court.

Motions to modify or change a special finding, or to make additional findings, are not recognized by our code of procedure, and the same are properly overruled, rejected, or stricken out by the court. *Banner Cigar Co.* v. *Kamm, etc., Co.,* 145 Ind. 266, 268, 269; *Smith* v. *Barber,* 153 Ind. 322, 332; *Bunch* v. *Hart,* 138 Ind. 1, 3; *Sharp* v. *Malia,* 124 Ind. 407, 409; *Windfall, etc., Co.* v. *Terwilliger,* 152 Ind. 364, 365; Elliott's App. Proc. §757.

The other errors assigned and not waived call in question each conclusion of law, the action of the court in overruling appellant's demurrers to the first paragraph of the amended complaint, and the second amended paragraph of complaint in sustaining appellee's motion to strike out the cross-complaint of Charles A. Allen, in overruling the motion of Mary Allen, wife of Charles A. Allen, for judgment in her favor on the findings of fact and conclusions of law, and in overruling appellant's motion for a new trial.

It is admitted that the first paragraph of the amended complaint and the second amended paragraph of complaint are good as to appellant Charles A. Allen, but it is insisted that neither of said paragraphs states facts sufficient to constitute a cause of action against appellant Mary Allen, his wife.

The note sued upon in the first paragraph of the amended complaint was executed by French Hollingshead and Charles A. Allen, and the mortgage to secure the same was executed by said Hollingshead and Carrie L. Hollingshead, his wife. It is alleged in said paragraph, among other things, that the legal and record title of the real estate described in said mortgage was in said Hollingshead when said mortgage was executed; that afterwards a part of said real estate was in proceedings for partition in the Fulton Circuit Court, in which appellant Charles A. Allen was plaintiff, and French Hollingshead and wife were defendants, set off to said Charles A. Allen; that said Carrie L. Hollingshead is the wife of said French Hollingshead, and

Mary Allen is the wife of said Charles A. Allen, and both are made defendants to answer as to their interest, and foreclose their equity of redemption, and that said Mary Allen is made a defendant to answer as to her interest as the wife of said Allen.

The allegations of the amended second paragraph of the complaint, in regard to appellant Marry Allen, are substantially the same as the first paragraph. The record shows that the notes and mortgage sued upon in said paragraphs were properly filed as exhibits and made a part thereof. Said paragraphs were sufficient as to each of said appellants to withstand a demurrer for want of facts.

It is next insisted that the court erred in sustaining appellee's motion to strike out the cross-complaint of Charles A. Allen. Said motion to strike out said cross-complaint and the ruling of the court sustaining said motion are not a part of the record unless made so by a bill of exceptions or order of court. *State* v. *Halter,* 149 Ind. 292, 304; *Dudley* v. *Pigg,* 149 Ind. 363, 369; Ewbank's Manual, §26.

It is claimed that said motion and the ruling thereon were made part of the record by order of court. To make the same a part of the record by such order the motion and cross-complaint and the ruling of the court thereon must be set out in full in said order. *Close* v. *Pittsburgh, etc., R. Co.,* 150 Ind. 560; *Pennsylvania Co.* v. *Ebaugh,* 152 Ind. 531, 533; Ewbank's Manual, §§27, 36. This was not done in this case, and no question concerning said action of the court is before us for consideration.

It is next insisted by appellants that the finding is not sustained by sufficient evidence and is contrary to law, because the note sued upon reads, "We or either of us promise to pay", etc., and that it also provides "interest at the rate of seven per cent. per annum, payable annually, on note or judgment until paid"; while the note read in evidence and found by the court reads, "We promise to

pay," etc., and provides for the payment of "interest at seven per cent. per annum after maturity". When the note was offered and read in evidence by appellee no reason was given why said note was not admissible in evidence. If the reason now urged for excluding said note had then been stated, the copy of the note filed with the complaint could have been amended to conform to the note read in evidence. §§365, 394, 399 Burns 1894, §§362, 391, 396 R. S. 1881 and Horner 1897. The rule is that when there is a variance between the contract described in the complaint and the one produced at the trial, this court will consider and treat the same as amended below. *Davis* v. *Doherty,* 69 Ind. 11; *Lucas* v. *Smith,* 42 Ind. 103; *Perdue* v. *Aldridge,* 19 Ind. 290; *Singleton* v. *O'Blenis,* 125 Ind. 151; *Chaney* v. *State,* 118 Ind. 494, 501, 502; *Buchanan, Adm.,* v. *State,* 106 Ind. 251, 255; *Reddick* v. *Keesling,* 129 Ind. 128; *Ashton* v. *Shepherd,* 120 Ind. 69.

It was held in *Krewson* v. *Cloud,* 45 Ind. 273, that when the attention of the court below was not called to a discrepancy between the allegations of the complaint and the proof, objection can not be made for the first time in this court, but the pleading will be regarded as amended.

It appears from the special findings that on March 3, 1893, Charles A. Allen and French Hollingshead purchased of one Buckingham two sections of land in Fulton county, Indiana, for the sum of $24,320, and that on the same day it was agreed that said Allen and Hollingshead should each own the undivided one-half of said land, and on the same day Buckingham executed a deed therefor to said French Hollingshead. On said March 30, 1893, said Hollingshead and wife executed a mortgage to said Buckingham for $17,000 for the balance of the purchase money on said land. On April 3, 1893, said Hollingshead and wife executed a mortgage to appellee, Morgan Hollingshead, on said real estate, to secure a note of same date for $7,776, payable one year after date with interest at seven per cent.

per annum after maturity, executed by said French Hollingshead and Charles A. Allen. The actual amount of money received on said note was $6,820. That during said month of April, 1893, said French Hollingshead and appellee, his brother, moved upon and took possession of said real estate. On said April 3, 1893, French Hollingshead and his wife executed a deed to said Charles A. Allen for the undivided one-half of said real estate, which was given by said Allen to said French Hollingshead to be left for record in Rochester, Indiana; that said Hollingshead failed, neglected and refused to leave said deed for record, and also refused to return the same to said Allen; that, at the request of said French Hollingshead, during the farming season of 1893, said Allen furnished for use, in connection with the improvement and farming of said real estate, $2,061; that appellee and French Hollingshead took and appropriated to their own use all the proceeds resulting from the farming of said land for the years 1893, 1894, and 1895, and denied that said Allen owned any part of said lands. On November 29, 1894, said Allen commenced an action in the court below against said French Hollingshead and wife to quiet his title to an undivided one-half of said real estate, and for partition of the same; that on January 3, 1895, the mortgage in suit was filed for record. On April 19, 1895, French Hollingshead and wife executed a quitclaim deed to appellee for one of said two sections of real estate, and he immediately took full possession thereof; and on May 6, 1895, said Allen filed in said action to quiet title, and for partition, a supplemental complaint, making appellee, Morgan Hollingshead, and his wife defendants thereto. At the November term of said court, 1895, judgment was rendered in said court quieting title in said Allen to his undivided interest in said two sections of land, and commissioners were appointed to make partition thereof. It was found in said action that there was due said Allen from French Hollingshead in excess of all improvements for

money furnished by him and for his share of the rent and profits, $3,366.12. There was set off to said French Hollingshead as his share of said lands section twenty and the southwest quarter of the southwest quarter of the other section, and to Charles Allen the other section, being section seventeen, except the southwest quarter of the southwest quarter thereof. On June 4, 1896, French Hollingshead and wife executed to the Northwestern Life Insurance Company a mortgage to secure a loan of $10,000 on said section twenty, and on the 17th day of July, 1896, he paid $8,500 thereof to said Buckingham, who released of record said section twenty and the southwest quarter of the southwest quarter of section seventeen from the lien of his mortgage, and gave credit for said payment on said $17,000. On June 25, 1896, said French Hollingshead and his wife executed to appellee a mortgage on said section twenty for the sum of $4,492.70, and at the same time said French Hollingshead and wife executed a deed for the forty acres, owned by him in said section seventeen, to appellee, who released said section twenty and said forty acres from the lien of the mortgage executed to him by French Hollingshead and wife, to secure the note for $7,776, signed by said French Hollingshead and Charles A. Allen; that said mortgage for $10,000 and said mortgage for $4,492.70 are still in force and unpaid.

The conveyance of said real estate by French Hollingshead and wife to appellee and said release of said Buckingham mortgage and said release of the mortgage to appellee and the arrangements respecting said transactions were all without the knowledge or consent of said Charles A. Allen; that at the time of said transactions said French Hollingshead was insolvent; that the real estate set off to Charles A. Allen in said partition proceedings has never been released from the Buckingham mortgage, nor the mortgage to appellee; that one-half of the mortgage debt due from French Hollingshead and Charles A. Allen to appellee was paid by

said French Hollingshead by the execution of said second mortgage for the same, to appellee; that the remaining one-half of said indebtedness to appellee is due and unpaid. Said section twenty is worth $19,200, and the tract of forty acres conveyed to appellee is worth $1,200.

Upon said facts the court stated conclusions of law: (1) That there is due and owing to appellee from French Hollingshead and Charles A. Allen the sum of $4,325; (2) that the mortgage executed by French Hollingshead and wife to appellee should be foreclosed on the real estate in said section seventeen, set off to Charles A. Allen, and the same ordered sold to pay said $4,325, and a judgment over be rendered against said Hollingshead and Allen for the same.

It is insisted by appellants that appellee, by the release of the real estate from the lien of the mortgage executed to him by French Hollingshead and wife, Charles A. Allen, was discharged as to the value of the real estate released to him. *Holland* v. *Johnson,* 51 Ind. 347.

It is well settled that if the owner of a note on which there is a surety holds securities from the principal in said note, and he releases the same with knowledge of such suretyship, the surety on said note is released to the extent of the value of the securities so released. In this case, however, it is not found that said Allen was surety on the note executed to appellee, or that appellee had any knowledge of said suretyship when he released a part of the real estate described in said mortgage from a lien thereof. The rule declared in *Holland* v. *Johnson, supra,* and urged by appellants, is not, therefore, applicable to the facts stated in the special finding.

The $3,366.12 found to be due Allen from French Hollingshead in the partition proceedings, as stated in the special finding, was not, under the facts found, a credit upon the note sued upon in this case, nor were appellants entitled to have the same deducted from the amount of said note and judgment rendered for the balance only.

It is next insisted that the court erred. in overruling the motion of appellant Mary Allen, for a judgment in her favor on the facts found and the conclusions of law thereon. Said motion was properly overruled for the reason that under the second conclusion of law appellee was entitled to a decree of foreclosure against all of the defendants in the court below.

It is not reversible error to overrule a motion for judgment on a special finding and conclusion of law, if the judgment when so rendered would not conform to the conclusion of law, even if such conclusion is erroneous. *Nelson* v. *Cottingham,* 152 Ind. 135, and cases cited. The proper remedy is by an exception to such conclusion of law, and assigning the same as error on appeal. *Nelson* v. *Cottingham, supra.*

It is urged that the second conclusion of law is erroneous as to appellant Mary Allen, for the reason that it does not appear from the special finding that she was the wife of her co-appellant, as alleged in the complaint. Mrs. Allen joined with her husband in an answer of general denial which stated that they were husband and wife, and no answer filed by them, or either of them, denied that they were husband and wife as alleged. Under such issues it was not necessary to make any special finding on that subject. It is clear that the court did not err in its conclusions of law.

Finding no available error in the record, the judgment is affirmed.