MAY TERM, 1922.    511

Adsit *v.* Schaff Bros. Co.—78 Ind. App. 511.

---

## ADSIT *v.* SCHAFF BROTHERS COMPANY.

[No. 11,213.   Filed April 25, 1922.   Petition to modify opinion and mandate denied June 29, 1922.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Court's Failure to Include Amount of Money Judgment in Conclusions of Law.*— Where the facts found by the court are sufficient to authorize a money judgment for either party, the failure of the court to state in the conclusions of law the amount which the party should recover is harmless, where, from the facts found, the court, by a mathematical calculation, can determine the amount due, and a correct judgment has been rendered on the facts. p. 516.

2. JUDGMENT.—*Modification.*—*Conflict in Findings.*—Where, in an employer's action against its agent to recover money alleged to have been converted by him, the findings as to the items of the account between the parties were in irreconcilable conflict which could only be explained on the theory that the court made an error in addition, and it was clear that the court erred in entering judgment for an amount in excess of that warranted under the facts found, but it was not clear what amount the judgment should be entered for, the trial court should have granted a motion to modify the judgment. p. 516.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by the Schaff Brothers Company against Clark Adsit. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Kenner & Sapp* and *Eichhorn & Edris,* for appellant.
*Fred H. Bowers, Milo Feightner* and *Lee M. Bowers,* for appellee.

McMAHAN, J.—Complaint by appellee to recover certain money alleged to have been improperly taken from the funds of appellee by appellant and converted to his own use.

The court found the facts to be in substance as follows:

Appellee is a corporation engaged in the manufacture and sale of musical instruments; it maintains both a factory and a retail music store, and in 1910, employed appellant as general manager of its business at an annual salary of $2,500 and ten per cent. commission on the net profits of the business; appellant acted as manager from July, 1910, to August 20, 1919, his annual salary in the meantime being raised to $3,600; the books covering the business from 1913 to 1916 inclusive, were audited early in 1917; during the period covered by this audit, appellant paid himself for salary and commission $698.79 more than was actually due him; in August, 1917, appellant caused the net profits of the business for 1916 to be set out again on the books in the sum of $22,767, and at said time caused ten per cent. of said sum to be placed to his credit on the books; this commission was not due appellant and has not been repaid by him; in January, 1919, the total net profits of both factory and store for 1918 in the sum of $41,743.56 (which included $21,287.33 for the net profits from the store) was placed on the books and appellant given credit for his ten per cent. commission in the sum of $4,171.35, which was paid to appellant; in February, 1919, appellant

MAY TERM, 1922.  513

Adsit *v.* Schaff Bros. Co.—78 Ind. App. 511.

caused the net profits on the business at the store in 1918, to be placed on the books again, and caused himself to be credited with and paid $2,128.73, that being ten per cent. on the net profits of the business at the store in 1918; this sum was never repaid appellee; at the end of 1917 and 1918, bad accounts aggregating $14,345.29 were written off after appellant's commission had been computed, the commission on the same being $1,434.52; there was a difference of $84.05 between the audit report and the books for the year 1917. In finding No. 12 the court finds that there was due and owing appellee from appellant "as shown by the above findings, the aggregate sum of $9,075.37, except as set forth in the next following finding." By finding No. 13 it is found that appellant is entitled to have $4,-449.05, that being ten per cent. commission on the profits from January 1, 1919, to August 20, 1919, and $200 for balance of salary due August 20, 1919, "deducted from the amount heretofore found chargeable against said defendant." By finding No. 14, it is found that on August 20, 1919, there was due and owing appellee from appellant $5,426.32, with interest from August 20, 1920.

The court stated its conclusions of law as follows: "The court, on the foregoing finding of facts, and for his conclusions of law, finds that the law is with the plaintiff and against the defendant, and that the plaintiff is entitled to judgment against the defendant."

Appellant, at the proper time, excepted to the conclutions of law, after which the court rendered judgment against him in the sum of $5,426.32. Appellant then filed a motion to modify the judgment, (1) By making the judgment state the correct amount as shown by and computed on the several items found due the parties in the finding of facts; (2) by reducing the amount of the

several items entering into the amount of the judgment to the sum asked in the several paragraphs of complaint; (3) by limiting the amount charged back to appellant on account of worthless accounts to the amount asked in the third paragraph of complaint; (4) by excluding interest prior to the filing of the special finding; and (5) by reducing the amount of the judgment to conform with the special finding and conclusions of law.

This motion being overruled, appellant appeals, and by his assignment of errors says the court erred in its conclusions of law and in overruling his motion to modify the judgment.

Appellant insists that the conclusions of law, having failed to state the amount due appellee, do not furnish a sufficient basis for a judgment, and that no judgment can be rendered thereon for any amount. Appellee, however, says that when sufficient facts are stated in the special finding from which the court can determine the amount due, the failure of the court to state in the conclusions of law the amount which the party is entitled to recover, does not constitute reversible error when a correct judgment has been rendered on the facts as found.

"If the ultimate judgment," said the court in *Slauter* v. *Favorite* (1886), 107 Ind. 291, 4 N. E. 880, 57 Am. Rep. 106, "deals justly with the parties, gives to each his legal rights and is sustained by the facts appearing in the special finding an error in one of the conclusions will not justify a reversal. Our statute says that no judgment shall be reversed 'where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below.'"

And in *Nelson* v. *Cottingham* (1899), 152 Ind. 135, 53 N. E. 702, it is said: "If a judgment is rendered in accordance with the special finding, but contrary to the

conclusions of law, they being erroneous, the action of the court would render harmless the error in the conclusions of law, and would furnish no grounds for reversal, since the ultimate judgment would be correct upon the facts found."

A like rule was announced by this court in *Biddle* v. *Pierce* (1895), 13 Ind. App. 239, 247, 41 N. E. 475, where it is said: "The court was not bound to state the exact amount coming to each party. If it gave the basis of the same in such a manner that by a mere calculation the amount could be readily found, we think it was sufficient. This is what was done by the court. The judgment following the conclusions specially sets forth the several amounts coming to the respective parties as ascertained from the findings and conclusions of law. *Sanders* v. *Scott,* 68 Ind. 130; *Dawson* v. *Shirk,* 102 Ind. 184; *Chambers* v. *Butcher,* 82 Ind. 508."

And in *Hoppes* v. *Chapin* (1895), 15 Ind. App. 258, 43 N. E. 1014, the court says: "If a money judgment only is sought by the action, the verdict, or findings, whether special or general, must determine the amount or find such facts as leave nothing for the court to do but to make a mere mathematical calculation." To the same effect see *Waters* v. *Lyon* (1895), 141 Ind. 170, 40 N. E. 662; *Walls* v. *State, ex rel.* (1895), 140 Ind. 16, 38 N. E. 177; *Sphung* v. *Moore* (1889), 120 Ind. 352, 22 N. E. 319; *Chicago, etc., R. Co.* v. *Barnes* (1888), 116 Ind. 126, 17 N. E. 459; *White* v. *Chicago, etc., R. Co.* (1890), 122 Ind. 317, 330, 23 N. E. 782, 7 L. R. A. 257; *Sanders* v. *Scott* (1879), 68 Ind. 130; *Cumberland Tel., etc., Co.* v. *Kranz* (1911), 48 Ind. App. 67, 73, 95 N. E. 371; *Cole* v. *Powell* (1897), 17 Ind. App. 438, 46 N. E. 1006.

In harmony with the above authorities, we hold that where the facts found by the court are sufficient to

authorize a money judgment for either party, the
1. failure of the court to state in the conclusions of
law the amount which the party should recover,
is harmless, if from the facts found the court, by a
mathematical calculation, can determine the amount due,
and a correct judgment has been rendered on the facts.

With this rule in mind, let us now examine the special finding and see whether from the facts found a conclusion of law to the effect that a judgment for any certain amount could be rendered in favor of appellee, or whether the court by a mere mathematical calculation can determine the amount for which judgment should be rendered. Can we from the facts found say a correct judgment has been rendered?

In finding No. 12, the court found there was due and
owing appellee from appellant as shown by the *prior
findings* the aggregate sum of $9,075.37, except
2. as set out in finding No. 13. By the prior findings the court found that appellant on December
31, 1916, was owing appellee $698.79 on account of over payment of salary and commission; August 9, 1917, on account of over payment of commission, $2,276.80; February 3, 1919, for over payment of commission $2,-128.73, and $1,434.52 on account of commission charged on worthless accounts for 1917 and 1918, a total of $6,-538.84, instead of $9,075.37 as stated by the court in finding No. 12. It is also found there was a difference between the audit report and the books for 1917 of $84.05, but the finding does not show whether the audit or the books were correct, or as to whether appellee had been overpaid that sum. The aggregate of the several items which the court thus found was due and owing appellee is $6,538.84, or $2,536.53 less than the amount stated in finding No. 12. These findings are in irreconcilable conflict, and can only be explained by saying that the court made an error in adding the several items

which were found to be owing appellee. It is evident that the court, by finding No. 12, intended to state the aggregate amount due appellee from appellant "except as set forth in the next following finding," where it is found that appellant should have a credit of $4,449.05 for commission on the business from January 1, 1919, to August 20, 1919, the date of his discharge, and also $200 for the balance due him for salary, making a total of $4,649.05. Deducting this from the $9,075.37, the figures stated in finding No. 12, we find the balance due appellee August 20, 1919, to be $4,426.32 or $1,000 less than the amount which the court in finding No. 14 finds to be due and owing appellee. If we ignore the court's statement in finding No. 12 as to the amount ($9,075.37) and take the aggregate of the prior items found to be due appellant, viz., $6,538.84, and deduct the $4,649.05, there would be a balance of $1,889.79 due appellant August 20, 1919, instead of $5,426.32 as found by the court in finding No. 14. It is not possible for us to determine the amount for which the judgment should have been rendered, but it is clear that the court erred in entering a judgment for an amount in excess of that warranted under the facts found, and that the motion to modify the judgment should have been sustained.

Since it is not possible from the facts found to determine with any degree of certainty the amount for which the judgment should be rendered, the judgment is reversed with directions to grant the parties a new trial and for further proceedings not inconsistent with this opinion.